FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS

NOV 3 0 2015

CHRISTOPHER A. PRINE
CLERK

## APPEAL No. 14-14-00410-CV

DOV AVNI KAMINETZKY a/k/a DOV K. AVNI　　　)(

　　　　　　　　　　　　　　　Appellant　　)(

　　　　　　　　v.　　　　　　　　　　　　　　)(

DOSOHS I, LTD,　　　　　　　　　　　Appellee　　)(

[APPEAL of 5-15-14 FROM #1997-40590/11 JDC;HARRIS COUNTY,TX

MAILED
11/25/15

**APPELLANT DOV K.AVNI's ORIGINAL OPPOSED MOTION TO TAKE JUDICIAL NOTICE OF RECORDS OF #14-14-00410-CV -DISMISSED ON 8-27-15 BY 14COA's "B-3" PANEL and OTHER UNDISPUTABLY CORRECT RECORDS OF THIS APPELLATE COURT PROVING MOVANT'S ALLEGATIONS OF DEPUTY CLERK WARD'S UNLAWFUL ACTS TO DISMISS APPEAL BY TAMPERINGS IN 14COA RECORDS AND FRAUDS ON "B3" PANEL and MOVANT, THEN RECALL THE "11-6-2015 MANDATE "AND RULE ON APPELLANT'S PENDING MOTIONS,**

**AND ALTERNATIVELY**
**IF EITHER FOREGOING MOTION IS DENIED BEFORE COURT's 2015 TERM ENDS,TREAT THIS MOTION [as supplemented by 11-30] AS ORIGINAL PROCEEDING FOR MANDAMUS**

**TO THE HONORABLE JUSTICES OF THIS 14TH COURT OF APPEALS OF TEXAS.**
APPELLANT DOV K. AVNI a/k/a DOV AVNI KAMINETZKY ["Dov"] respectfully prays for the

taking of judicial notice by the members of this "B-3" panel who were not privy to the tamperings

in the record of this appeal by deputy Clerk Troy Ward (proven by documents attached here and

to Movant's pending motion for extension of time for rehearing-filed 9-25 ,supplemented 9-28-15

in anticipation of 10-13-15 delivery of 5th Supplemental Clerk Record Dov has designated 9-4-15)

Dov asks hon. justices Boyce,Busby and Brown -who unanimously decided on August 27, 2015

to dismiss this appeal–**acting in total reliance on fraudulent representations** of Deputy

Chief Clerk TROY D. WARD ["WARD"] who knowingly and willfully omitted from the record of

this case important items prior to 8-26-15 rushed setting of dismissal hearing onnext morning

without notice to Dov-to take judicial notice of Ward's unlawful acts,then recall 11-6-15 mandate

**I.**
DEPUTY WARD'S UNLAWFUL ACTS PROVEN BELOW MATERIALLY ALTERED THE RECORD ADVERSLY TO DOV
**(1) omission/deletion of 124 page supplemental clerk record of 5-13-15(!)**
**(2) paying no attention and not referencing any of the other supplemental
　　　Clerk Records ordered and paid by Dov.Appellee ordered no record (!)**
**(3) reinstating on his own decision this appeal-abated since May 7. 2015
　　　without judicial review –as this court customarily does after abatement
　　　and based on 10 page selective skinny record with 325 pages missing.**

-------------------------------------------------------------------------------------------------------

**Movant attaches and incorporates here appendix with case records,relevant appellate rules and will supplement them by Monday,11-30 as Court reopens after holiday**

-1-

INDEX OF EXHIBITS FROM RECORDS OF APPEAL #14-14-00410-CV PROVING MOVANT'S ALLEGATIONS OF CLERK'S UNLAWFUL ACTS TO DISMISS APPEAL BY FRAUDS, and APPELLATE AUTHORITIES IN SUPPORT

| EX # | DOCUMENT DESCRIPTION | DATE ORIG./FILED | RECORD REFERENCE |
|------|---------------------|------------------|------------------|
| 1 | DOCKET OF APPEAL #14-14-00410-CV-as of 11-25-2015 | MAY 28,2014 [FN 1] | "Post Dismisaal Docket" |
| 2. | 14COA RELEASED ORDERS AND OPINIONS [11-6-15] *(to be supplementl)* | NOV. 25,2015 | txcourts.gov(14coa |
| 3. | LIST OF 14TH COA RELEASED ORDERS AND OPINIONS FOR 2015 4th QUARTER - STARTING OCTOBER 1, 2015. | NOV.25,2015 | txcourts.gov(14coa |

[including CIVIL ORDERS RELEASED ON OCT 15-2015 WHICH DEPUTY CLERK WARD FABRICATED-STATING THAT DOV'S MOTIO FOR EXTENSION OF TIME TO FILE HIS MOTION FOR REHEARING "WAS GRANTED IN PART. DENIED IN PART"?!!]

| 4. | 14COA RELEASED ORDERS AND OPINIONS [10-15-15] | NOV. 25,2015 | txcourts.gov(14coa |

**NO SCINTILLA OF ANY ORDER ENTERED BY ANY JUDGE OR PANEL IN DOV'S DISMISSED APPEAL #14-14-00410-CV- PROVING CRIMINAL ACTS OF TAMPERING ETC BY DEPUTY CLERK T.WARD(!)**

| 5. | RELEASED ORDERS AND OPINIONS OF 14TH COA | AUG, 27,2015 | txcourts.gov(14coa) 5. |
| 6 | UNSIGNED JUDGMENT WITH NO 'PER CURIAM" DESIGNATION | AUG. 27, 2015 | txcourts.gov(14coa) |
| 7 | MEMORANDUM OPINION BY B-3 PANEL DISMISSING APPEAL | AUG. 27,2015 | txcourts.gov(14coa) |

PROVING THAT (A) DEPUTY CLERK WARD MANIPULATED THE DOCKET OF APPEAL #14-14-00410-CV UPON ITS 8-26-2015 HURRIED SETTING FOR DISMISSAL DELETING THEREFROM ALL REFERENCES TO 5-7-15 ORDER ABATING APPEAL AND 2 LATER FILED RECORDS[!][ DOING SO IN CONSPIRACY WITH APPELLEE'S ATTORNEY N. PARMA – WHO FILED MOTION TO DISMISS THE APPEAL WITHOUT CONFERENCE WITHOUT PROVIDING EVIDENCE,WHILE CONCEALING MATERIAL FACTS WITHOUT SERVING DOV THEREWITH –ALL DEFECTS KNOWN TO WARD!

AND ALSO PROVING THAT
ALL THREE "B-3" PANEL JUSTICES ARE RECUSABLE AS FACT WITNESSES REGARDING WHAT DETAILS WERE IN THE DOCKET THEY SAW 8-27-15

AND ,ALTERNATIVELY TO 2ND PRECEDING PARAGRAPH,PROVING THAT ONE OR MORE OF THE 3 JUSTICES OF THE "B-3"PANEL,ACTING IN CONSPIRACY WITH DEPUTY CLERK WARD (AND PERSON SETTING PANEL) AND APPELLEE'S ATTORNEY PARMA TO BRING ABOUTCASE DISMISSAL WHILE ASSURING THE NON-CONSPIRING MEMBERS OF THE PANEL WHO WERE NOT INFORMED OF 5-7-15 ABATEMENT AND 5-12-05 SUPPLEMENT

----------------------------------------------------------------------------------

INCORPORATING BY REFERENCE,AS IF COPIED VERBTAIM RECORDS FILED 9-25-15 &9-28-15 IN #14-14-00410-CV

| 8 | APPELLANT'S DESIGNATION OF 3rd SUPPLEMENTAL RECORD | APRIL 16,2015 | 3SCR 114-132; EX. "1" |
| 9 | INDEX OF APPELLANT'S 2nd SUPPLEMENTAL CLERK'S RECORD | MAY 12, 2015 | 2SCR .......; EX. "1" |
| 10 | PER CURIAM ORDER GRANTING APPELLANT'S 4-20-15 MOTION | MAY 7, 2015 | EX. "1" at 05-07-2015 |
| 11 | 14 COA "RELEASED ORDERS & OPINIONS"–for 05/07/2015 | MAY 7, 2015 | txcourts.gov(14coa) |
| 12 | INDEX OF APPELLANT'S 3rd SUPPLEMENTAL CLERK'S RECORD | JUNE 3, 2015 | 3SCR 1- 3 ; EX. "1" |
| 13 | DOSOHS I,Ltd "SECOND MOTION TO DISMISS"-BY N.A.PARMA | AUG.5, 2015 | txcourts.gov(14coa);Ex.1 |

14 to be supplementd - 7/3/15 Fraud proj(sw)

-2-

[ LIST OF EXHIBITS CONTINUED]

| EX # | DOCUMENT DESCRIPTION | DATE ORIG./FILED | RECORD REFERENCE |
|---|---|---|---|
| 5 | CMH HOMES v.Perez 340 S.W.3d 444 (Tex 2011) (alternative treatment of appeal as mandamus) | May 27,2011 | CourtListener.com [discovered 11-24-15] |
| 16 | In re D & KW Family LP ,Relator [01-11-00276-cv] following CMH HOMES v.Perez 340 S.W.3d 444 (Tex.2011) (alternative treatment as mandamus) | AUG.9,2012 | CourtListener.com , [discovered 11-24-15] |

## II.NO PREJUDICE WILL ACCRUE TO APPELLE FROM GRANTINGTHIS DUAL PRONG MOTION

No prejudice will accrue to appellee-who has paid todate nothing to present record to this panel

## III

## PRO-SE MOVANT'S PRAYER FOR RELIEF /ALTERNATIVELY PETITIONER FOR MANDAMUS RELIEF

WHEREFORE pro-se Movant Dov K.Avni prays that the members of this honorable B-3 appellate panel who were not privy to the cospiracy between Deputy Clerk Troy Ward ["Ward"]and Appellee's counsel Nicholas Arthur Parma ["Parma"] and other yet to be identified aiders, abbetters and Court insiders to dismiss this appeal for alleged "want of prosecution" after Movant/Appellant caused and paid for Original Clerk Record and three supplements in preparation for filing his brief after needed additional and amended findings of fact amd conclusions of law are filed by Trial Judge Mike Miller -as this court ordered on may 7,2015 –will take judicial notice of the blatant criminal tamperings in the selective, truncated and thus misleading record presented to them 8-27-15 by Deputy Ward so to achieve the dismissal of this meritorious appeal dealing with **atrocious abuses** of discretion by the hon. trial judge Michael David Miller who dismissed Cause #.1997-40590 on March 23,2011, then denied Dov's diligent attempts to reinstate that case and **three years later has permanently enjoined** Dov from asserting his lawful property rights-so to protect former Judge Mark Davidson who has backdated ,or alternatively unlawfully concealed temporary anti-suit injunctive order dated 5-25-2000 that was never entered into the minutes of #97-40590,nor served on Dov by 11th JDC at any time  prior to Appellee's new trial court attorneys Sherer &Crow doing so in September 2013(!) Movant asks the Honorable panel to order the 14thcoa clerk to demand recall of the mandate from The 11th District Court and grant Dov at least 28 days to file his motion for rehearing after ruling on pending motion of 9-25-15 to extend time for filing motion for rehearing (supplemented 9-28-15 and incorporated) and alternatively treat this dual prong motion as application for mandamus relief.

_Dov K. Avni (11-25-15)_

.Dov K. Avni –pro-se party in #14-14-00410-cv

150-B Forest Drive, Jericho, NY 11753

FOOTNOTES TO THE PRECEDING PROOFS OF MOVANT'S STATEMENTS IN THE FOREGOING INDEX

[FN1] the docket of Appeal #14-14-00410-CV (as of 9-5-15) proves that no court order was entered after notice was given to Dov by 3 justices panel or their leader on July 3,2015 as falsely represented by 14thcoa Clerk- acting by deputy clerk . Troy D. Ward;and further proves the filing and content of Dov's 3SCR-delivered 5-13-15 was deleted from appeal record

[FN2] the docket of Appeal #14-14-00410-CV (as of 5-28-15) proves that the filing and content of Dov's 3SCR ,delivered on . 5-13-15 by Chris Daniel's Civil Post Judgment Deputy Clerk Duane Gilmore was deleted from appeal record by Mr.Ward(!)

[FN3] omission of the emailed Proposed Findings by Appellee (on 5-13-15) Dov's 5-29-15 request for additional , . findings of fact and judge Miller's deial thereof 6-1-15 from Gilmore's 3SCR (of 7-2-15) proves he co-conspired(!)

## CERTIFICATE OF ATTEMPTED CONFERENCE WITH APPELLEEE'S SHERER &Assoc. ATTORNEYS

Appellant/Movant hereby certifies he mailed last Friday (11-20-2015) conference letter to Appelee's lawfirm in good faith attempt to cause Mr.Parma to agree to this dual pronged motion -which Dov planned to file by 11-25-15 after receiving on 11-16 from his wife [ who travelled that day to Houston from her Jericho,NY home] the "11-6-15" notice letter mailed by of for Deputy Clerk Ward –delivered only on Friday 11-13-15 in Jericho,NY. Mr. Parma has not yet contacted Movant todate prior to filing this dual prong motion by US Mail- from USPS downtown Houston center at 1500 Hadley St. Movant will try again to confer with Parms by phone and/or -by E-Text-prior to supplementing them 11-30-15 when this court,located in City of Houston at Harris County,TX opens for business with other courts UNTIL PARMA UNEXPECTEDLY NOTIFIES MOVANT OTHERWISE,THESE MOTIONS ARE"DEEMED OPPOSED"

*Dov K. Avni (11-25-15)*

.Dov K. Avni –pro-se party in #14-14-00410-cv

150-B Forest Drive, Jericho, NY 11753

Cell # 516-318-3791  E-Mail: dovduba1@aol.com

## CERTIFICATE OF MAILING

COURTSEY COPIES –WITHOUT EXHIBITS BUT WITH INDEX THEREOF TO BE SERVED ON "8-27-15 LIST"

2. NICHOLAS A.PARMA – at SHERER &ASSOCIATES 11120 WURZBACH RD. 3100,San Antonio,TX 78130 –by PRIORITY US Mail, CM/RRR#_____ [mailed 11-25-15)

2-5 JUDICIAL OFFICIALS LISTED IN 8-27-15 'OPINION DISTRIBUTIG LIST'-EXCLUDING Hon.MICHAEL D.MILLER (DURING PENDENCY OF PERMANENT INJUNCTION HE ISSUED ON 3-31-14 IN #1997-40590/11JDC]

TO BE MAILED FIRST CLASS WITH CERTIFICATES OF MAILING MONDAY,11-30-15 TOGETHER WITH 1st SUPPLEMENT TO THIS MOTION+AFFIDAVIT –BUT EXCLUDING THE CASE EXHIBITS -INASMUCH AS NONE OF THEM EXHIBITED ANY INTEREST IN LEARNING THE ACTUAL FACTS(!)

*Dov K. Avni*

DOV K. AVNI- PRO-SE MOVANT

-4-

# APPEAL No. 14-14-00410-CV

DOV AVNI KAMINETZKY a/k/a DOV K. AVNI )(

                                  Appellant )(

            v. )(

DOSOHS I, LTD, )(

                                 Appellee )(

[APPEAL of 5-15-14 FROM #1997-40590/11 JDC;HARRIS COUNTY,TX

# EXHIBIT No. " _1_ "

TO APPELLANT'S ORIGINAL MOTION [ of 11-25-15 ] TO RECALL

THE "MANDATE"- ALLEGEDLY ISSUED 11-6-2015 BY THE

CLERK OF THIS 14TH COURT-AFTER ITS DEPUTY WARD TAMPERED

WITH CASE RECORD, FABRICATED 14COA PANEL'S ORDERS AND

DEFRAUDED MOVANT, OR TREAT IT AS ORIGINAL PROCEEDING-

TO BE DECIDED, IF NEEDED-BY MANDAMUS to TX SUPREME COURT

## CASE: 14-14-00410-CV

| | |
|---|---|
| **DATE FILED:** | 05/28/2014 |
| **CASE TYPE:** | UNKNOWN CIVIL CASE TYPE. |
| **STYLE:** | DOV AVNI KAMINETZKY |
| **V.:** | DOSOHS I, LTD |
| **ORIG PROC:** | NO |
| **TRANSFER FROM:** | |
| **TRANSFER IN:** | |
| **TRANSFER CASE:** | |
| **TRANSFER TO:** | |
| **TRANSFER OUT:** | |
| **PUB SERVICE:** | WWW.14THCOA.COURTS.STATE.TX.US |

## APPELLATE BRIEFS

| Date | Event Type | Description | Document | |
|---|---|---|---|---|
| 02/18/2015 | Brief filed – oral argument requested | Appellant | BRIEF | [ PDF/9.22 MB ] |
| | | | NOTICE | [ PDF/92 KB ] |

## CASE EVENTS

| Date | Event Type | Description | Disposition | Document | |
|---|---|---|---|---|---|
| 11/06/2015 | Case stored | | | | |
| 11/06/2015 | Mandate issued | Civil | | BILL OF COST | [ PDF/61 KB ] |
| | | | | MANDATE | [ PDF/42 KB ] |
| | | | | NOTICE | [ PDF/103 KB ] |
| 11/05/2015 | Mandate due to be issued | | | | |
| 10/26/2015 | Motion for rehearing was not filed | | | | |
| 10/26/2015 | Motion for rehearing due | | | | |
| 10/15/2015 | Motion for extension of time to file motion for rehearing disposed | Appellant | GRANTED IN PART AND DENIED IN PART | NOTICE | [ PDF/90 KB ] |
| 10/13/2015 | Supplemental clerks record filed | Appellant | | NOTICE | [ PDF/90 KB ] |

| Date | Event Type | Description | Disposition | Document | |
|------|-----------|-------------|-------------|----------|---|
| 10/12/2015 | Petition for review due in Supreme Court | | | | |
| 09/30/2015 | Motion for extension of time to file motion for rehearing filed | Appellant | | MOTION | [ PDF/8.53 MB ] |
| 09/28/2015 | Motion for extension of time to file motion for rehearing filed | Appellant | | MOTION | [ PDF/5.93 MB ] |
| 09/11/2015 | Motion for rehearing was not filed | | | | |
| 09/11/2015 | Motion for rehearing due | | | | |
| 09/04/2015 | Letter filed | Appellant | | LETTER | [ PDF/2.16 MB ] |
| 08/27/2015 | Memorandum opinion issued | | DISMISSED | JUDGMENT | [ PDF/69 KB ] |
| | | | | MEMORANDUM OPINION | [ PDF/1.33 MB ] |
| | | | | NOTICE | [ PDF/93 KB ] |
| 08/27/2015 | Motion to dismiss disposed | Appellee | GRANTED | | |
| 08/27/2015 | Motion to dismiss disposed | Appellee | GRANTED | | |
| 08/26/2015 | Submitted | | | | |
| 08/26/2015 | Case ready to be set | | | | |
| 08/17/2015 | Response due | | | | |
| 08/05/2015 | Motion to dismiss filed | Appellee | | MOTION | [ PDF/84 KB ] |
| 08/05/2015 | Notice of late brief | Appellant | | NOTICE | [ PDF/89 KB ] |
| 07/23/2015 | Appellants brief due | | | | |
| 07/03/2015 | Case reinstated | | | NOTICE | [ PDF/88 KB ] |
| 07/02/2015 | Supplemental clerks record filed | Appellant | | NOTICE | [ PDF/90 KB ] |
| 06/29/2015 | Hearing record due | | | | |
| 06/29/2015 | Supplemental clerks record due | | | | |
| 06/03/2015 | Supplemental clerks record filed | Appellant | | NOTICE | [ PDF/90 KB ] |
| 05/07/2015 | Motion disposed | Appellant | GRANTED | NOTICE | [ PDF/89 KB ] |
| 05/07/2015 | Order issued | | ABATED | ORDER | [ PDF/94 KB ] |
| | | | | NOTICE | [ PDF/102 KB ] |
| 05/01/2015 | Response filed | Appellee | | RESPONSE | [ PDF/81 KB ] |
| 05/01/2015 | Response due | | | | |
| 04/20/2015 | Motion filed | Appellant | | MOTION | [ PDF/1.22 MB ] |

| Date | Event Type | Description | Disposition | Document | |
|------|-----------|-------------|-------------|----------|--|
| 04/16/2015 | Notice of late brief | Appellee | | NOTICE | [ PDF/90 KB ] |
| 04/10/2015 | Amended brief due | | | | |
| 03/21/2015 | Appellees brief due | | | | |
| 03/12/2015 | Order entered | | | ORDER | [ PDF/86 KB ] |
| | | | | NOTICE | [ PDF/91 KB ] |
| 03/09/2015 | Response filed | Appellant | | RESPONSE | [ PDF/1.06 MB ] |
| 02/25/2015 | Letter filed | | | LETTER | [ PDF/160 KB ] |
| 02/24/2015 | Supplemental clerks record filed | Appellant | | NOTICE | [ PDF/90 KB ] |
| 02/23/2015 | Motion to dismiss filed | Appellee | | MOTION | [ PDF/83 KB ] |
| 02/18/2015 | Brief filed - oral argument requested | Appellant | | BRIEF | [ PDF/9.22 MB ] |
| | | | | NOTICE | [ PDF/92 KB ] |
| 02/12/2015 | Appellants brief due | | | | |
| 02/06/2015 | Letter filed | Appellant | | LETTER | [ PDF/7.91 MB ] |
| 02/02/2015 | Letter filed | Appellant | | LETTER | [ PDF/5.68 MB ] |
| 01/29/2015 | Order entered | | | ORDER | [ PDF/88 KB ] |
| | | | | NOTICE | [ PDF/91 KB ] |
| 01/29/2015 | Motion for extension of time to file brief disposed | | DENIED | | |
| 01/27/2015 | Reply to response or motion filed | Appellant | | REPLY | [ PDF/1.26 MB ] |
| 01/26/2015 | Response filed | Appellee | | RESPONSE | [ PDF/391 KB ] |
| 01/20/2015 | Motion for extension of time to file brief filed | Appellant | | MOTION | [ PDF/1.63 MB ] |
| 01/05/2015 | Appellants brief due | | | | |
| 12/23/2014 | Motion for extension of time to file brief disposed | Appellant | GRANTED | NOTICE | [ PDF/98 KB ] |
| 12/22/2014 | Letter filed | Appellant | | LETTER | [ PDF/561 KB ] |
| 12/16/2014 | Motion for extension of time to file brief filed | Appellant | | MOTION | [ PDF/1.71 MB ] |
| 12/05/2014 | Supplemental clerks record due | | | | |
| 12/04/2014 | Supplemental clerks record filed | Appellant | | NOTICE | [ PDF/90 KB ] |
| 12/01/2014 | Appellants brief due | | | | |
| 11/26/2014 | Letter filed | Appellant | | LETTER | [ PDF/5.40 MB ] |

| Date | Event Type | Description | Disposition | Document | |
|------|-----------|-------------|-------------|----------|---|
| 11/26/2014 | Extension of time to file clerks record disposed | District Clerk | GRANTED | NOTICE | [PDF/96 KB] |
| 11/25/2014 | Extension of time to file clerks record filed | District Clerk | | EXTENSION | [PDF/48 KB] |
| 10/28/2014 | Letter filed | Appellant | | LETTER | [PDF/10.23 MB] |
| 10/28/2014 | Order entered | | | OIRDER | [PDF/81 KB] |
| | | | | NOTICE | [PDF/91 KB] |
| 10/13/2014 | Appellants brief due | | | | |
| 09/11/2014 | Motion for extension of time to file notice of appeal disposed | Appellant | DENIED AS MOOT | NOTICE | [PDF/91 KB] |
| 09/11/2014 | Clerks record due | District Clerk | | | |
| 09/04/2014 | Clerks record filed | Appellant | | NOTICE | [PDF/106 KB] |
| 08/27/2014 | Notice of late record | District Clerk | | NOTICE | [PDF/94 KB] |
| 08/20/2014 | Clerks record due | District Clerk | | | |
| 08/18/2014 | Clerks record due | District Clerk | | | |
| 08/12/2014 | Letter filed | Appellant | | LETTER | [PDF/8.36 MB] |
| 08/12/2014 | Letter filed | Appellant | | LETTER | [PDF/1.35 MB] |
| 08/08/2014 | Extension of time to file clerks record disposed | District Clerk | GRANTED | NOTICE | [PDF/95 KB] |
| 08/06/2014 | Extension of time to file clerks record filed | District Clerk | | EXTENSION | [PDF/49 KB] |
| 08/05/2014 | Notice of late record | District Clerk | | NOTICE | [PDF/94 KB] |
| 07/29/2014 | Clerks record due | | | | |
| 07/29/2014 | Record due | | | | |
| 06/20/2014 | Docketing statement filed | Appellant | | DOCKETING STATEMENT | [PDF/6.66 MB] |
| 06/12/2014 | Docketing statement due | Appellant | | | |
| 06/12/2014 | Mediation docketing statement due | Appellee | | | |
| 06/10/2014 | Mediation docketing statement returned | Appellee | | MEDIATION DOCKETING STATEMENT | [PDF/196 KB] |
| 06/09/2014 | Court fee due | Appellant | | | |
| 06/05/2014 | Fee paid | Appellant | | | |
| 05/29/2014 | Notification received that no record was taken | | | | |
| 05/29/2014 | Court reporters notice to court regarding status of record | Court Reporter | | COURT REPORTER'S INFORMATION SHEET | [PDF/120 KB] |

| Date | Event Type | Description | Disposition | Document | |
|------|-----------|-------------|-------------|----------|---|
| 05/28/2014 | Court reporters information sheet sent | Court Reporter | | NOTICE | [ PDF/100 KB ] |
| 05/28/2014 | Letter issued by the court | Court Reporter | | NOTICE | [ PDF/92 KB ] |
| 05/28/2014 | Letter issued by the court | Both parties | | NOTICE | [ PDF/92 KB ] |
| 05/28/2014 | Case began in court of appeals | | | LETTER OF ASSIGNMENT | [ PDF/1.88 MB ] |
| 05/16/2014 | Motion for extension of time to file notice of appeal filed | Appellant | | MOTION | [ PDF/6.31 MB ] |
| 05/15/2014 | Notice of appeal filed in trial court | | | | |
| 04/19/2014 | Request for findings of fact and conclusions of law | | | | |
| 03/31/2014 | Judgment signed by trial court judge | | | | |

## CALENDARS

| Set Date | Calendar Type | Reason Set |
|----------|--------------|------------|
| 11/06/2015 | Case Stored | Case stored |
| 11/08/2021 | Retention | Date civil case will be destroyed (6 yrs after mandate) |

## PARTIES

| Party | PartyType | Representative |
|-------|-----------|----------------|
| Kaminetzky, Dov Avni | Appellant | Dov Avni Kaminetzky |
| Dosohs I, LTD | Appellee | Eric David Sherer Nicholas Arthur Parma |

## TRIAL COURT INFORMATION

**COURT:** 11TH DISTRICT COURT

**COUNTY:** HARRIS

**COURT JUDGE:** HONORABLE JUDGE, 11TH DISTRICT COURT

**COURT CASE:** 1997-40590

**COURT REPORTER:** TERRI ANDERSON

**PUNISHMENT:**

# APPEAL No. 14-14-00410-CV

DOV AVNI KAMINETZKY a/k/a DOV K. AVNI )(

                                      Appellant )(

                   v. )(

DOSOHS I, LTD, )(

                                    Appellee )(

[APPEAL of 5-15-14 FROM #1997-40590/11 JDC;HARRIS COUNTY,TX

# EXHIBIT No. " 3 "

TO APPELLANT'S ORIGINAL MOTION [ of 11-25-15 ] TO RECALL

THE "MANDATE"- ALLEGEDLY ISSUED 11-6-2015 BY THE

CLERK OF THIS 14TH COURT-AFTER ITS DEPUTY WARD TAMPERED

WITH CASE RECORD, FABRICATED 14COA PANEL'S ORDERS AND

DEFRAUDED MOVANT, OR TREAT IT AS ORIGINAL PROCEEDING-

TO BE DECIDED, IF NEEDED-BY MANDAMUS to TX SUPREME COURT

# Released Orders/Opinions

Enter a year and quarter to view a list of Released Orders/Opinions. | 2015 ▼ | | Jul-Sep ▼ |

Refresh

| October | November | December |
|---|---|---|
| 10/29/2015 <br> 10/28/2015 | | |
| 10/27/2015 <br> 10/26/2015 | | |
| | 11/25/2015 <br> 11/24/2015 | |
| 10/23/2015 <br> 10/22/2015 | 11/23/2015 | |
| 10/21/2015 <br> 10/20/2015 | 11/20/2015 | |
| | 11/19/2015 <br> 11/18/2015 | |
| 10/15/2015 | 11/17/2015 | |
| 10/14/2015 <br> 10/13/2015 | 11/13/2015 | |
| 10/12/2015 | 11/12/2015 <br> 11/10/2015 | |
| 10/09/2015 <br> 10/08/2015 | | |
| 10/07/2015 <br> 10/06/2015 | 11/06/2015 | |
| 10/05/2015 | 11/05/2015 <br> 11/04/2015 | |
| 10/02/2015 | 11/03/2015 <br> 11/02/2015 | |
| 10/01/2015 | | |

# APPEAL No. 14-14-00410-CV

DOV AVNI KAMINETZKY a/k/a DOV K. AVNI )(

                                              Appellant )(

                     v.                                      )(

DOSOHS I, LTD,                                  )(

                                        Appellee )(

[APPEAL of 5-15-14 FROM #1997-40590/11 JDC;HARRIS COUNTY,TX

# EXHIBIT No. " *4* "

TO APPELLANT'S ORIGINAL MOTION [ of 11-25-15 ] TO RECALL

THE "MANDATE"- ALLEGEDLY ISSUED 11-6-2015 BY THE

CLERK OF THIS 14TH COURT-AFTER ITS DEPUTY WARD TAMPERED

WITH CASE RECORD, FABRICATED 14COA PANEL'S ORDERS AND

DEFRAUDED MOVANT, OR TREAT IT AS ORIGINAL PROCEEDING-

TO BE DECIDED, IF NEEDED-BY MANDAMUS to TX SUPREME COURT

**RELEASED ORDERS & OPINIONS FOR 10/15/2015**

## Civil Causes Decided

| Case Number | Style | Disposition | Judges |
|---|---|---|---|
| 14-14-00201-CV<br>Opinion by Justice McCally [ PDF ] | **Houston Methodist San Jacinto Hospital v. Teri Ford**<br>Appeal from 295th District Court of Harris County | REVERSED AND RENDERED | Justice Jamison<br>Justice McCally<br>Justice Wise |
| 14-14-00408-CV<br>Memorandum Opinion Per Curiam [ PDF ] | **Giovanny Laguan v. R.D. Parikh**<br>Appeal from County Court at Law #4 of Fort Bend County | DISMISSED | Justice Boyce<br>Justice Busby<br>Justice Brown |
| 14-14-00823-CV<br>Opinion by Justice Boyce [ PDF ] | **Texas Transportation Commission and Ted Houghton, in his Official Capacity as Chair of the Texas Transportation Commission v. City of Jersey Village**<br>Appeal from 165th District Court of Harris County | REVERSED AND RENDERED | Chief Justice Frost<br>Justice Boyce<br>Justice McCally |
| 14-14-00823-CV<br>Concurring Opinion by Chief Justice Frost [ PDF ] | **Texas Transportation Commission and Ted Houghton, in his Official Capacity as Chair of the Texas Transportation Commission v. City of Jersey Village**<br>Appeal from 165th District Court of Harris County | CONCURRING | Chief Justice Frost<br>Justice Boyce<br>Justice McCally |
| 14-14-01007-CV<br>Memorandum Opinion Per Curiam [ PDF ] | **Thomas Beets and Leslie Beets v. National Collegiate Student Loan Trust 2005-2**<br>Appeal from 344th District Court of Chambers County | DISMISSED | Justice Boyce<br>Justice Busby<br>Justice Brown |
| 14-15-00686-CV<br>Memorandum Opinion Per Curiam [ PDF ] | **Margnus Ibe v. Pennymac Loan Services, LLC**<br>Appeal from County Court at Law No 1 of Fort Bend County | DISMISSED | Chief Justice Frost<br>Justice Christopher<br>Justice Donovan |

## Civil Orders

| Case Number | Style | Disposition | Judges |
|---|---|---|---|
| 14-12-01088-CV<br>Order [ PDF ] | **Remote Control Hobbies L.L.C. A/K/A and D/B/A Remote Control Hobbies v. Airborne Freight Corporation D/B/A Airborne Express Successor by Merger to DHL Express**<br>Appeal from Co Civil Ct at Law No 1 of Harris County | | |
| 14-14-00257-CV<br>Order [ PDF ] | **Hugh Forrest v. Technical and General Guaranty Co., S.A.**<br>Appeal from 165th District Court of Harris County | | |
| 14-15-00279-CV<br>Order [ PDF ] | **Loren Rose Jeremy v. Nicholas Dusan Jeremy**<br>Appeal from 306th District Court of Galveston County | | |
| 14-15-00320-CV<br>Order [ PDF ] | **Thomas R. Wright v. PlainsCapital Bank**<br>Appeal from 295th District Court of Harris County | | |
| 14-15-00505-CV<br>Order [ PDF ] | **Uwakwe C. Oko and Victoria L Oko v. Tony Ali, Junior Properties and Everbank**<br>Appeal from 400th District Court of Fort Bend County | | |
| 14-15-00699-CV<br>Order [ PDF ] | **William Satterwhite, Jr. v. Christopher Evans and Yi Zhang**<br>Appeal from Co Civil Ct at Law No 2 of Harris County | | |
| 14-15-00763-CV<br>Order [ PDF ] | **Estate of Linda Kuebler Hinkley, Deceased**<br>Appeal from Probate Court of Galveston County | | |

| Case Number | Style | Disposition | Judges |
|---|---|---|---|
| 14-15-00785-CV<br>Order          [ PDF ] | **Everbank v. Seedergy Ventures, Inc., a Corporation**<br>Appeal from 190th District Court of Harris County | ABATED | |
| 14-15-00864-CV<br>Order          [ PDF ] | **In the Interest of B.M.S., Child**<br>Appeal from 314th District Court of Harris County | | |

## Criminal Causes Decided

| Case Number | Style | Disposition | Judges |
|---|---|---|---|
| 14-14-00272-CR<br>Opinion by<br>Chief Justice     [ PDF ]<br>Frost | **Jeremy Patrick Shakesnider v. The State of Texas**<br>Appeal from 400th District Court of Fort Bend County | AFFIRMED | Chief Justice Frost<br>Justice Christopher<br>Justice Donovan |
| 14-14-00421-CR<br>Opinion by<br>Justice          [ PDF ]<br>Christopher | **Rebecca Victoria Humaran v. The State of Texas**<br>Appeal from 239th District Court of Brazoria County | AFFIRMED | Justice Christopher<br>Justice Donovan<br>Guiney |
| 14-14-00682-CR<br>Memorandum<br>Opinion by      [ PDF ]<br>Justice Brown | **Troy Lee Bridges v. The State of Texas**<br>Appeal from 344th District Court of Chambers County | AFFIRMED | Justice Boyce<br>Justice Busby<br>Justice Brown |
| 14-14-00688-CR<br>Memorandum<br>Opinion by      [ PDF ]<br>Justice Brown | **Gary Martins v. The State of Texas**<br>Appeal from 176th District Court of Harris County | AFFIRMED | Justice Boyce<br>Justice Busby<br>Justice Brown |
| 14-14-00847-CR<br>Opinion by<br>Justice          [ PDF ]<br>Jamison | **Carlos A. Arias v. The State of Texas**<br>Appeal from Co Crim Ct at Law No 13 of Harris County | AFFIRMED | Chief Justice Frost<br>Justice Jamison<br>Justice Busby |
| 14-15-00647-CR<br>Memorandum<br>Opinion Per      [ PDF ]<br>Curiam | **William Charles Wingate v. The State of Texas**<br>Appeal from 232nd District Court of Harris County | DISMISSED | Justice Boyce<br>Justice Busby<br>Justice Brown |
| 14-15-00665-CR<br>Memorandum<br>Opinion Per      [ PDF ]<br>Curiam | **Miyaggi Aleman v. The State of Texas**<br>Appeal from 174th District Court of Harris County | DISMISSED | Chief Justice Frost<br>Justice Christopher<br>Justice Donovan |

## Criminal Orders

| Case Number | Style | Disposition | Judges |
|---|---|---|---|
| 14-14-01011-CR<br>Order          [ PDF ] | **Margaret Renee Mayer v. The State of Texas**<br>Appeal from 230th District Court of Harris County | ABATED | |
| 14-15-00256-CR<br>Order          [ PDF ] | **Ulessia Procter v. The State of Texas**<br>Appeal from 208th District Court of Harris County | | |
| 14-15-00300-CR | **Lashonda Deon Jones v. The State of Texas**<br>Appeal from 221st District Court of Montgomery County | | |
| 14-15-00301-CR | **Lashonda Deon Jones v. The State of Texas**<br>Appeal from 221st District Court of Montgomery County | | |
| 14-15-00733-CR<br>Order          [ PDF ] | **Glenn E. Marsh v. The State of Texas**<br>Appeal from Co Crim Ct at Law No 3 of Harris County | | |

To view or print PDF files you must have the Adobe Acrobat® reader. This software may be obtained without charge from Adobe. Download the reader from the Adobe Web site

# APPEAL No. 14-14-00410-CV

DOV AVNI KAMINETZKY a/k/a DOV K. AVNI )(

Appellant )(

v. )(

DOSOHS I, LTD, )(

Appellee )(

[APPEAL of 5-15-14 FROM #1997-40590/11 JDC;HARRIS COUNTY,TX

# EXHIBIT No. " 5 "

TO APPELLANT'S ORIGINAL MOTION [ of 11-25-15 ] TO RECALL

THE "MANDATE"- ALLEGEDLY ISSUED 11-6-2015 BY THE

CLERK OF THIS 14TH COURT-AFTER ITS DEPUTY WARD TAMPERED

WITH CASE RECORD, FABRICATED 14COA PANEL'S ORDERS AND

DEFRAUDED MOVANT, OR TREAT IT AS ORIGINAL PROCEEDING-

TO BE DECIDED, IF NEEDED-BY MANDAMUS to TX SUPREME COURT

**RELEASED ORDERS & OPINIONS FOR 08/27/2015**

## Civil Causes Decided

| Case Number | Style | Disposition | Judges |
|---|---|---|---|
| 14-13-00094-CV<br>Opinion by<br>Chief Justice [PDF]<br>Frost | **James Stearns v. Lisa Martens and Stearns Pools and Spas, Inc.**<br>Appeal from 268th District Court of Fort Bend County | AFFIRMED IN PART AND REVERSED AND REMANDED IN PART | Chief Justice Frost<br>Justice Christopher<br>Justice Busby |
| 14-13-00988-CV<br>Memorandum<br>Opinion by [PDF]<br>Chief Justice<br>Frost | **T.C.M.A. Trucking, Inc. v. Mario Cisneros and Felix A. Auz**<br>Appeal from 165th District Court of Harris County | AFFIRMED | Chief Justice Frost<br>Justice Boyce<br>Justice McCally |
| 14-13-00989-CV<br>Opinion by<br>Chief Justice [PDF]<br>Frost | **Felix A. Auz v. Mario Cisneros**<br>Appeal from 165th District Court of Harris County | AFFIRMED IN PART AND REVERSED AND REMANDED IN PART | Chief Justice Frost<br>Justice Boyce<br>Justice McCally |
| 14-13-00989-CV<br>Concurring<br>Opinion by [PDF]<br>Justice Boyce | **Felix A. Auz v. Mario Cisneros**<br>Appeal from 165th District Court of Harris County | CONCURRING | Chief Justice Frost<br>Justice Boyce<br>Justice McCally |
| 14-14-00137-CV<br>Memorandum<br>Opinion by [PDF]<br>Justice Wise | **Dominic Marrocco v. Mark Hill**<br>Appeal from 164th District Court of Harris County | REVERSED AND RENDERED | Justice Christopher<br>Justice Donovan<br>Justice Wise |
| 14-14-00172-CV<br>Opinion by [PDF]<br>Justice Brown | **Katy Springs & Manufacturing, Inc. v. Joseph Favalora**<br>Appeal from 133rd District Court of Harris County | AFFIRMED AS MODIFIED | Justice Boyce<br>Justice Brown<br>Justice Wise |
| 14-14-00410-CV<br>Memorandum<br>Opinion Per [PDF]<br>Curiam | **Dov Avni Kaminetzky v. Dosohs I, LTD**<br>Appeal from 11th District Court of Harris County | DISMISSED | Justice Boyce<br>Justice Busby<br>Justice Brown |
| 14-14-00462-CV<br>Opinion by<br>Justice [PDF]<br>Christopher | **The State of Texas v. Treeline Partners, LTD., a Texas Limited Partnership, Laroca Partners II, LTD., a Texas Limited Partnership and CBS Outdoor, Inc., a Delaware Corporation**<br>Appeal from Co Civil Ct at Law No 3 of Harris County | REVERSED AND REMANDED | Justice Christopher<br>Justice Brown<br>Justice Wise |
| 14-14-00768-CV<br>Memorandum<br>Opinion by [PDF]<br>Justice Brown | **In the Interest of O.Z.O**<br>Appeal from 257th District Court of Harris County | AFFIRMED | Justice Christopher<br>Justice Brown<br>Justice Wise |
| 14-14-00930-CV<br>Opinion by<br>Justice [PDF]<br>Christopher | **Ex Parte Brett Scott**<br>Appeal from 164th District Court of Harris County | AFFIRMED | Justice Christopher<br>Justice Brown<br>Justice Wise |
| 14-15-00026-CV<br>Memorandum<br>Opinion Per [PDF]<br>Curiam | **DCR Mortgage III Sub I, LLC v. Lawrence C. Mathis**<br>Appeal from 126th District Court of Travis County | DISMISSED | Chief Justice Frost<br>Justice Christopher<br>Justice Donovan |
| 14-15-00101-CV<br>Opinion by<br>Justice [PDF]<br>McCally | **Ricardo G. Cedillo, Jason C. Zehner, J. Russell Davis and Davis, Cedillo & Mendoza, Inc. v. Immobiliere Jeuness Establishment**<br>Appeal from 215th District Court of Harris County | REVERSED AND REMANDED | Justice Boyce<br>Justice McCally<br>Justice Donovan |
| 14-15-00556-CV<br>Memorandum<br>Opinion Per [PDF]<br>Curiam | **In Re Christopher Spates**<br>Appeal from 312th District Court of Harris County | DENIED | Justice Boyce<br>Justice McCally<br>Justice Donovan |

| Case Number | Style | Disposition | Judges |
|---|---|---|---|
| 14-15-00568-CV<br>Memorandum Opinion by [ PDF ] Justice Brown | **In Re Jinsun LLC**<br>Appeal from 113th District Court of Harris County | GRANTED | Justice Christopher<br>Justice Brown<br>Justice Wise |
| 14-15-00650-CV<br>Memorandum Opinion Per [ PDF ] Curiam | **In Re Colleen Roberts, et al**<br>Appeal from 152nd District Court of Harris County | DENIED | Chief Justice Frost<br>Justice Christopher<br>Justice Jamison |
| 14-15-00692-CV<br>Memorandum Opinion Per [ PDF ] Curiam | **Shahem Barazi, The Black Stone Builder, Inc., and The Black Stone Management, Inc. v. Zuher Salameh**<br>Appeal from 295th District Court of Harris County | DISMISSED | Chief Justice Frost<br>Justice Christopher<br>Justice Donovan |
| 14-15-00713-CV<br>Memorandum Opinion Per [ PDF ] Curiam | **In re J. Womack**<br>Appeal from ... of Galveston County | DISMISSED | Justice Boyce<br>Justice Busby<br>Justice Brown |

## Civil Orders

| Case Number | Style | Disposition | Judges |
|---|---|---|---|
| 14-13-00094-CV<br>Order [ PDF ] | **James Stearns v. Lisa Martens and Stearns Pools and Spas, Inc.**<br>Appeal from 268th District Court of Fort Bend County | | |
| 14-14-00865-CV<br>Order [ PDF ] | **Coreslab Structures (Texas), Inc. v. Scottsdale Insurance Company**<br>Appeal from 55th District Court of Harris County | ABATED | |
| 14-15-00654-CV<br>Order [ PDF ] | **Logan Young v. Choice Refined Products, LLC**<br>Appeal from 295th District Court of Harris County | ABATED | |
| 14-15-00672-CV<br>Order [ PDF ] | **Connie Range, Trustee of the Martha Range Trust d/b/a Reliant Engineering and Machine, US and Samuel Range v. Calvary Christian Fellowship**<br>Appeal from 234th District Court of Harris County | ABATED | |

## Criminal Causes Decided

| Case Number | Style | Disposition | Judges |
|---|---|---|---|
| 14-14-00142-CR<br>Opinion by [ PDF ] Justice Boyce | **Robelio Aviles-Barroso v. The State of Texas**<br>Appeal from 337th District Court of Harris County | AFFIRMED AS MODIFIED | Chief Justice Frost<br>Justice Boyce<br>Justice McCally |
| 14-14-00142-CR<br>Concurring Opinion by [ PDF ] Chief Justice Frost | **Robelio Aviles-Barroso v. The State of Texas**<br>Appeal from 337th District Court of Harris County | CONCURRING | Chief Justice Frost<br>Justice Boyce<br>Justice McCally |
| 14-14-00473-CR<br>Memorandum Opinion by [ PDF ] Justice Donovan | **Jimmy Earl Van-Cleave v. The State of Texas**<br>Appeal from 179th District Court of Harris County | AFFIRMED | Justice Boyce<br>Justice McCally<br>Justice Donovan |
| 14-14-00514-CR<br>Memorandum Opinion by [ PDF ] Justice Busby | **Paul Wayne Harris v. The State of Texas**<br>Appeal from 268th District Court of Fort Bend County | AFFIRMED | Chief Justice Frost<br>Justice Jamison<br>Justice Busby |
| 14-14-00607-CR<br>Memorandum Opinion by [ PDF ] Chief Justice Frost | **Brandon Ray Morgan v. The State of Texas**<br>Appeal from 338th District Court of Harris County | AFFIRMED | Chief Justice Frost<br>Justice Jamison<br>Visiting Judge Yates |

| Case Number | Style | Disposition | Judges |
|---|---|---|---|
| 14-14-00781-CR<br>Memorandum Opinion by Justice Boyce [ PDF ] | **Ex Parte Juan Raul Rojas v. The State of Texas**<br>Appeal from Co Crim Ct at Law No 15 of Harris County | AFFIRMED | Chief Justice Frost<br>Justice Boyce<br>Justice McCally |
| 14-14-00835-CR<br>Memorandum Opinion by Chief Justice Frost [ PDF ] | **Ex Parte Chidiebele Gabriel Okonkwo**<br>Appeal from 434th Judicial District Court of Fort Bend County | AFFIRMED | Chief Justice Frost<br>Justice Jamison<br>Justice Busby |
| 14-14-00943-CR<br>Memorandum Opinion by Chief Justice Frost [ PDF ] | **David Sidney McKeand v. The State of Texas**<br>Appeal from Co Crim Ct at Law No 7 of Harris County | AFFIRMED | Chief Justice Frost<br>Justice Jamison<br>Justice Busby |
| 14-15-00314-CR<br>Memorandum Opinion Per Curiam [ PDF ] | **Ronnie Thibodeaux v. The State of Texas**<br>Appeal from Crim Dist Ct of Jefferson County | AFFIRMED | Justice Boyce<br>Justice Busby<br>Justice Brown |
| 14-15-00315-CR<br>Memorandum Opinion Per Curiam [ PDF ] | **Ronnie Thibodeaux v. The State of Texas**<br>Appeal from Crim Dist Ct of Jefferson County | AFFIRMED | Justice Boyce<br>Justice Busby<br>Justice Brown |
| 14-15-00316-CR<br>Memorandum Opinion Per Curiam [ PDF ] | **Ronnie Thibodeaux v. The State of Texas**<br>Appeal from Crim Dist Ct of Jefferson County | AFFIRMED | Justice Boyce<br>Justice Busby<br>Justice Brown |
| 14-15-00594-CR<br>Memorandum Opinion Per Curiam [ PDF ] | **In Re James Thomas Green**<br>Appeal from 248th District Court of Harris County | DENIED | Justice Christopher<br>Justice Brown<br>Justice Wise |
| 14-15-00700-CR<br>Memorandum Opinion Per Curiam [ PDF ] | **In Re Princella V. Ross-Steels**<br>Appeal from 263rd District Court of Harris County | DENIED | Justice Jamison<br>Justice McCally<br>Justice Wise |
| 14-15-00712-CR<br>Memorandum Opinion Per Curiam [ PDF ] | **In re Ricky Dean Fowler**<br>Appeal from County Court at Law No 1 of Galveston County | DISMISSED | Chief Justice Frost<br>Justice Christopher<br>Justice Donovan |

## Criminal Orders

| Case Number | Style | Disposition | Judges |
|---|---|---|---|
| 14-14-00908-CR<br>Order [ PDF ] | **Daniel Cruz v. The State of Texas**<br>Appeal from 268th District Court of Fort Bend County | ABATED | |
| 14-15-00018-CR | **Quincy Lee Johnson v. The State of Texas**<br>Appeal from 208th District Court of Harris County | ABATED | |
| 14-15-00111-CR<br>Order [ PDF ] | **Leiroi Mickele Daniels v. The State of Texas**<br>Appeal from 230th District Court of Harris County | ABATED | |
| 14-15-00237-CR | **Pastor Isreal Diaz-Bonilla v. The State of Texas**<br>Appeal from 182nd District Court of Harris County | ABATED | |
| 14-15-00640-CR<br>Order [ PDF ] | **Ex Parte Michael Brent Sewell v.**<br>Appeal from 338th District Court of Harris County | | |

To view or print PDF files you must have the Adobe Acrobat® reader. This software may be obtained without charge from Adobe. Download the reader from the Adobe Web site

# APPEAL No. 14-14-00410-CV

DOV AVNI KAMINETZKY a/k/a DOV K. AVNI )(

Appellant )(

v. )(

DOSOHS I, LTD, )(

Appellee )(

[APPEAL of 5-15-14 FROM #1997-40590/11 JDC;HARRIS COUNTY,TX

# EXHIBIT No. " 6 "

TO APPELLANT'S ORIGINAL MOTION [ of 11-25-15 ] TO RECALL

THE "MANDATE"- ALLEGEDLY ISSUED 11-6-2015 BY THE

CLERK OF THIS 14TH COURT-AFTER ITS DEPUTY WARD TAMPERED

WITH CASE RECORD, FABRICATED 14COA PANEL'S ORDERS AND

DEFRAUDED MOVANT, OR TREAT IT AS ORIGINAL PROCEEDING-

TO BE DECIDED, IF NEEDED-BY MANDAMUS to TX SUPREME COURT



# JUDGMENT

## The Fourteenth Court of Appeals

DOV AVNI KAMINETZKY, Appellant

NO. 14-14-00410-CV                          V.

DOSOHS I, LTD, Appellee

---

Today the Court heard appellee's motion to dismiss the appeal from the judgment signed by the court below on March 31, 2014. Having considered the motion and found it meritorious, we order the appeal **DISMISSED**.

We further order that all costs incurred by reason of this appeal be paid by appellant, Dov Avni Kaminetzky.

We further order this decision certified below for observance.

## APPEAL No. 14-14-00410-CV

DOV AVNI KAMINETZKY a/k/a DOV K. AVNI )(
                                           Appellant )(

                     v. )(

DOSOHS I, LTD, )(
                                          Appellee )(

[APPEAL of 5-15-14 FROM #1997-40590/11 JDC;HARRIS COUNTY,TX


## EXHIBIT No. " 7 "

TO APPELLANT'S ORIGINAL MOTION [ of 11-25-15 ] TO RECALL

THE "MANDATE"- ALLEGEDLY ISSUED 11-6-2015 BY THE

CLERK OF THIS 14TH COURT-AFTER ITS DEPUTY WARD TAMPERED

WITH CASE RECORD, FABRICATED 14COA PANEL'S ORDERS AND

DEFRAUDED MOVANT, OR TREAT IT AS ORIGINAL PROCEEDING-

TO BE DECIDED, IF NEEDED-BY MANDAMUS to TX SUPREME COURT

Motion Granted; Appeal Dismissed and Memorandum Opinion filed August 27, 2015.



In The

## Fourteenth Court of Appeals

---

### NO. 14-14-00410-CV

---

### DOV AVNI KAMINETZKY, Appellant

### V.

### DOSOHS I, LTD, Appellee

---

**On Appeal from the 11th District Court
Harris County, Texas
Trial Court Cause No. 1997-40590**

---

## MEMORANDUM OPINION

This is an appeal from a judgment signed March 31, 2014. The clerk's record was filed September 4, 2014. No reporter's record was taken. No brief has been filed.

On March 12, 2015, this court issued an order stating that unless appellant submitted a brief on or before April 10, 2015, the court would dismiss the appeal

for want of prosecution. *See* Tex. R. App. P. 42.3(b). Appellant did not respond.

On August 5, 2015, appellee filed a motion to dismiss for appellant's failure to file a brief. Appellant did not respond.

Accordingly, appellee's motion to dismiss is **GRANTED**. The appeal is ordered **DISMISSED**.

PER CURIAM

Panel consists of Justices Boyce, Busby, and Brown.

2

DOV AVNI KAMINETZKY a/k/a DOV K. AVNI )(

                                                  Appellant )(

                 v.                               )(

DOSOHS I, LTD,                           )(

                                             Appellee )(

[APPEAL of 5-15-14 FROM #1997-40590/11 JDC;HARRIS COUNTY,TX

# EXHIBIT No. "*15*"

TO APPELLANT'S ORIGINAL MOTION [ of 11-25-15 ] TO RECALL

THE "MANDATE"- ALLEGEDLY ISSUED 11-6-2015 BY THE

CLERK OF THIS 14TH COURT-AFTER ITS DEPUTY WARD TAMPERED

WITH CASE RECORD, FABRICATED 14COA PANEL'S ORDERS AND

DEFRAUDED MOVANT, OR TREAT IT AS ORIGINAL PROCEEDING-

TO BE DECIDED, IF NEEDED-BY MANDAMUS to TX SUPREME COURT

COURT LISTENER CL

- About
- FAQ
- Tour
- Coverage
- Sign in / Register

⊙ **Back to Home Page**

## Your Notes

(edit) ✎

(none)

## Cited By (106)

This opinion has been cited by these opinions:

- In Re Service Corp. Intern., 355 S.W.3d 655 (Tex. 2011)
- in Re Santander Consumer USA Inc., 01-12-00728-CV (Tex. App. 2013)
- in Re Santander Consumer USA Inc., 01-12-00728-CV (Tex. App. 2013)
- in Re D & KW Family, L.P., 01-11-00276-CV (Tex. App. 2012)
- Cole Distribution, Inc., Cole Chemical & Distributing, Ind., Princess Properties ...

**Full List of Citations ⊙**

## Authorities (31)

This opinion cites:

- 950 Corbindale v. Kotts Capital Holdings, 316 S.W.3d 191 (Tex. App. 2010)
- Acequip Ltd. v. American Engineering Corporation, 315 F.3d 151 (2d Cir. 2003)
- Amanda S. May v. Higbee Company, Doing Business as Dillard's ...
- Atsa of California, Inc., Plaintiff/cross-Claimant/appellant v. Continental Insurance Co., Etc. ...
- Badiga v. Lopez, 274 S.W.3d 681 (Tex. 2009)

**Full Table of Authorities ⊙**

## View Original

From the court   |   Our backup

## Share this Opinion

✉ ▣ ▣ | https://www.courtlistener.

## Sponsored Links



SURGE HOMES
OWN IN
SPRING BRANCH
MONTROSE
MIDTOWN
THE HEIGHTS
UPPER KIRBY
MUSEUM DISTRICT
$150K-$1.5M

PREVIEW PLANS
AND PRICES

Cou[...]ree Law Project, a federally-recognized 501(c)(3) non-profit. We rely heavily on donations
for [...]turn off ads, we ask for a $10 donation each year.

Don[...]

☆

# CMH HOMES v. Perez, 340 S.W.3d 444 (Tex. 2011)

**Sign in or register to save a favorite.**

(click to dismiss)

**Texas Supreme Court**

Filed: May 27th, 2011

Status: Precedential

Citations: 340 S.W.3d 444

Docket Number: 10-0688

Judges: Wainwright

Fingerprint: b7c6937c05a45d8a37a6fb751c1c6bf052c53bfb

**340 S.W.3d 444 (2011)**

# CMH HOMES, et al., Petitioners,

# v.

# Adam PEREZ, Respondent.

No. 10-0688.

**Supreme Court of Texas.**

Argued February 3, 2011.
Decided May 27, 2011.

*446 Brendan K. McBride, The McBride Law Firm, Rio Grande City, David L. Rumley, Wigington Rumley Dunn LLP, Corpus Christi, and Baldemar Gutierrez, Law Offices of Baldemar Gutierrez, Alice, for Adam Perez.

Scott A. Brister, Lino Mendiola, Andrews & Kurth L.L.P., Austin, Jorge C. Rangel, The Rangel Law Firm, P.C., Corpus Christi, for CMH Homes, Inc.

Augustin Rivera Jr., Dunn Weathered Coffey Rivera & Kapertism, P.C., Corpus Christi, for Bruce Robin Moore, Jr.

Justice WAINWRIGHT delivered the opinion of the Court.

Once more, this Court is presented with a question of the availability of judicial review of an interlocutory arbitration order. In this consumer dispute, CMH Homes, Inc. and Adam Perez agreed to submit their claims to arbitration but could not agree on an arbitrator. Because of this disagreement, the trial judge intervened and appointed an arbitrator to preside over their dispute. CMH Homes filed an interlocutory appeal challenging this appointment, requesting in the alternative that its appeal be treated as a mandamus petition. The court of appeals determined it was without jurisdiction and dismissed the suit. We agree with the court of appeals' determination that Texas Civil Practice and Remedies Code section 51.016 does not allow an interlocutory appeal of an order appointing an arbitrator. However, under these circumstances, CMH Homes's appeal may properly be considered as a petition for writ of mandamus. We remand for the court of appeals to consider this appeal as a petition for writ of mandamus.

# I. Background

## A. Facts and Procedure

On October 2, 2002, Adam Perez purchased a manufactured home from CMH Homes, with the help of salesman Bruce Robinson Moore Jr. Vanderbilt Mortgage and Finance provided financing for the purchase. The retail installment contract between CMH Homes and Perez contained an arbitration clause which provides:

> All disputes, claims or controversies arising from or relating to this contract... shall be resolved by mandatory binding arbitration by one arbitrator selected by Seller with Buyer's consent.

*447 On November 2, 2009, Perez sued CMH Homes, Inc., Vanderbilt Mortgage and Finance, Inc., and Bruce Robinson Moore Jr. (hereinafter "CMH Homes") for fraud and violations of the Texas Debt Collection Act in the financing of his manufactured home. Perez filed a motion to compel arbitration on January 13, 2010. Although the parties agreed that the contract was governed by the Federal Arbitration Act and agreed to submit to arbitration, they could not agree to an arbitrator. After two months of disagreement, with both parties suggesting arbitrators in various correspondence, Perez's attorney declared an impasse.[1] On March 8, 2010, after a hearing, the trial court issued an order appointing Gilberto Hinojosa as arbitrator. Although the order was titled "Order on Plaintiff's Motion to Compel Arbitration," the only directive in the order was to name an arbitrator to preside over the dispute.

CMH Homes filed an interlocutory appeal pursuant to Texas Civil Practice and Remedies Code section 51.016, challenging the court's appointment of Gilberto Hinojosa as arbitrator. CMH Homes did not file a separate mandamus petition, but asked the court of appeals to consider its appeal as a mandamus proceeding in the alternative. *See CMH Homes, Inc. v. Perez*, 328 S.W.3d 592, 594 (Tex.App.-San Antonio 2010, pet. granted). The court of appeals determined that interlocutory

appeal was unavailable under Civil Practice and Remedies Code section 51.016 and dismissed the case for want of jurisdiction. *Id.* at 593.

## B. Jurisdiction and Standard of Review

This court has jurisdiction to determine whether the court of appeals correctly decided its jurisdiction. *See Badiga v. Lopez,* 274 S.W.3d 681, 682 n. 1 (Tex. 2009) (citing *Tex. Dep't of Crim. Justice v. Simons,* 140 S.W.3d 338, 343 n. 13 (Tex. 2004)). We review the court of appeals' determination of its jurisdiction de novo. *Villafani v. Trejo,* 251 S.W.3d 466, 467 (Tex.2008).

Unless a statute authorizes an interlocutory appeal, appellate courts generally only have jurisdiction over final judgments. *See Lehmann v. Har-Con Corp.,* 39 S.W.3d 191, 195 (Tex.2001); *see also Jack B. Anglin Co., Inc. v. Tipps,* 842 S.W.2d 266, 272 (Tex.1992) ("Interlocutory orders may be appealed only if permitted by statute." (citations omitted)). We strictly apply statutes granting interlocutory appeals because they are a narrow exception to the general rule that interlocutory orders are not immediately appealable. *See, e.g., Tex. A & M Univ. Sys. v.* *448 *Koseoglu,* 233 S.W.3d 835, 841 (Tex.2007); *Bally Total Fitness Corp. v. Jackson,* 53 S.W.3d 352, 355 (Tex.2001) (citation omitted).

# II. Discussion

First, we must determine whether the court of appeals lacked jurisdiction under Texas Civil Practice and Remedies Code section 51.016 of an interlocutory appeal of an order appointing an arbitrator. If section 51.016 does not provide jurisdiction, we then decide whether the court of appeals should have considered CMH Homes's interlocutory appeal as a petition for writ of mandamus.

## A. Texas Civil Practice and Remedies Code Section 51.016

Prior to the Legislature's 2009 amendment to the Texas Arbitration Act (TAA), parties seeking to appeal an order refusing to compel arbitration would commonly file two separate appellate proceedings. Under the TAA, a party could bring an interlocutory appeal of an order denying arbitration. *See* TEX. CIV. PRAC. & REM. CODE § 171.098. Under the Federal Arbitration Act (FAA), a party could only challenge an order denying arbitration by mandamus. *Jack B. Anglin,* 842 S.W.2d at 271-72. As a result, parallel proceedings were the norm in Texas arbitration disputes where parties were unsure which arbitration act applied. Although "unnecessarily expensive and cumbersome," such parallel proceedings were required. *Id.* at 272. Twice, this Court requested that the Legislature "consider amending the Texas Act to permit interlocutory appeals of orders issued pursuant to the Federal Act." *Id.; In re D. Wilson Constr. Co.,* 196 S.W.3d 774, 780 n. 4 (Tex.2006) (quoting *Jack B. Anglin,* 842 S.W.2d at 272). In response, the Legislature added section 51.016 to the Civil Practice and Remedies Code in 2009. Act of May 27, 2009, 81st Leg., R. S., ch. 820, §§ 1, 3, 2009 Tex. Gen. Laws 2061 (codified at TEX. CIV. PRAC. & REM.CODE § 51.016). This is our first opportunity to construe the scope of the Legislature's remedial action.

Section 51.016 provides that a party may appeal a judgment or interlocutory order "under the same circumstances that an appeal from a federal district court's order or decision would be permitted by 9 U.S.C. Section 16." TEX. CIV. PRAC. & REM. CODE § 51.016. Section 16 of the FAA provides:

> (a) An appeal may be taken from
>
> (1) an order
>
> (A) refusing a stay of any action under section 3 of this title,
>
> (B) denying a petition under section 4 of this title to order arbitration to proceed,
>
> (C) denying an application under section 206 of this title to compel arbitration,
>
> (D) confirming or denying confirmation of an award or partial award, or
>
> (E) modifying, correcting, or vacating an award;
>
> (2) an interlocutory order granting, continuing, or modifying an injunction against an arbitration that is subject to this title; or

(3) a final decision with respect to an arbitration that is subject to this title.

(b) Except as otherwise provided in section 1292(b) of title 28, an appeal may not be taken from an interlocutory order

(1) granting a stay of any action under section 3 of this title;

(2) directing arbitration to proceed under section 4 of this title;

*449 (3) compelling arbitration under section 206 of this title; or

(4) refusing to enjoin an arbitration that is subject to this title.

9 U.S.C. § 16. Civil Practice and Remedies Code section 51.016 expressly incorporates federal law. Thus, an interlocutory appeal in this case is permitted only if it would be permitted under the same circumstances in federal court under section 16. *See Little v. Tex. Dep't of Crim. Justice,* 148 S.W.3d 374, 381-82 (Tex.2004) (examining federal law when interpreting state statute that incorporated federal statute).

In considering the scope of section 16's jurisdictional grant, we first determine the nature of the order being appealed. The order at issue is entitled "Order on Plaintiff's Motion to Compel Arbitration" and appoints Gilberto Hinojosa as arbitrator. Although Perez's motion to compel arbitration did not request that the trial court appoint an arbitrator, Perez submitted letters to the court administrator declaring an impasse and requesting the trial judge appoint an arbitrator.

At first glance, this order may appear to fit within section 16(b)(2) as an order "directing arbitration to proceed." 9 U.S.C. § 16(b)(2). The "Order on Plaintiff's Motion to Compel Arbitration" was issued in response to Perez's motion requesting that the trial court compel arbitration. But the substance of the order is the appointment of Gilberto Hinojosa as arbitrator. *See Del Valle Indep. Sch. Dist. v. Lopez,* 845 S.W.2d 808, 809 (Tex.1992) ("[I]t is the character and function of an order that determine its classification."). While it may be argued that by appointing an arbitrator the order implicitly compels the parties to arbitration, the order does not explicitly grant Perez's motion to compel and does not explicitly compel the parties to arbitrate their dispute. There is no question that both parties agreed to arbitrate their dispute; the open question remaining was who would serve as the arbitrator. The purpose of the order was to answer that question.

Section 5 of the FAA explicitly permits a trial court to appoint an arbitrator under certain circumstances. 9 U.S.C. § 5. Where the parties have previously agreed to a method for selecting an arbitrator, the parties must follow that method. *Id.* However, if the agreed upon method breaks down and there is a lapse in appointing an arbitrator, the parties may petition the trial court to appoint an arbitrator. *Id.*

An order appointing an arbitrator under section 5 is neither listed in section 16(a) (where appeals may be taken) nor in section 16(b) (where appeals may not be taken). 9 U.S.C. § 16(a), (b). Even though section 16 is silent on the matter, CMH Homes argues that an appeal of an order appointing an arbitrator is "permitted by Section 16" because some federal circuit cases may have entertained interlocutory appeals regarding appointment of arbitrators pursuant to section 5.[2] However, none of the cited cases mentions whether the appeal is interlocutory and all but one of the cited cases fails to specifically discuss its jurisdictional basis or cite section 16.[3]*Nat'l Am. Ins. Co. v. Transamerica *450 Occidental Life Ins. Co.,* 328 F.3d 462 (8th Cir.2003) (affirming the district court's selection of an arbitrator pursuant to section 5); *ACEquip Ltd. v. Am. Eng'g Corp.,* 315 F.3d 151 (2d Cir.2003) (same); *see also The Stop & Shop Supermarket Co. LLC v. United Food & Commercial Workers Union Local 342,* 246 Fed.Appx. 7 (2d Cir.2007) (same). The one exception, *Universal Reinsurance,* specifically establishes its jurisdiction "pursuant to 9 U.S.C. § 16(a)(3), which authorizes review of 'a final decision with respect to an arbitration....'" *Universal Reinsurance Corp. v. Allstate Ins. Co.,* 16 F.3d 125, 126 (7th Cir.1994). Neither CMH Homes nor Perez has suggested that this appeal was anything other than interlocutory. Because the trial court did not enter a dismissal or otherwise dispose of all parties and claims, the order remains interlocutory and cannot be appealed under section 16(a)(3).[4]*See In re Gulf Exploration, LLC,* 289 S.W.3d 836, 839 (Tex.2009) ("[T]here can be an appeal if the underlying case is dismissed." (citing *Green Tree Fin. Corp.-Ala. v. Randolph,* 531 U.S. 79, 86-87, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000))). Although we presume a court always evaluates its jurisdiction before deciding a matter, these cases do not indicate whether their jurisdictional basis was section 16, and if so, whether the basis was section 16(a)(3) for final orders.[5] The only federal circuit case that speaks directly to the jurisdictional issue is *O.P.C. Farms Inc. v. Conopco Inc.,* which held that under section 16, the trial court's order appointing an arbitrator was not a final decision and was thus unappealable.[6] 154 F.3d 1047, 1048-49 (9th Cir. *451 1998). The court explained: "[T]he only basis for an appeal ... that could even be plausibly argued is § 16(a)(3). It is, however, clear that the appointment of the third arbitrator is not the final decision in this case.... Consequently § 16 effectively deprives us of jurisdiction." *Id.*

The appellate jurisdiction of Texas courts in this case is based on federal law. The court of appeals had jurisdiction to consider the trial court's order if "appeal... would be permitted by 9 U.S.C. Section 16" in federal court. TEX. CIV. PRAC. & REM.CODE § 51.016. Because there is no apparent federal approach to judicial review under section 16 of orders appointing arbitrators, we will not extrapolate jurisdiction from a dearth of federal authority to allow an interlocutory appeal where the law is unclear and section 16 suggests otherwise.

Before the enactment of section 51.016, we specifically invited the Legislature "'[i]n the interests of promoting the policy considerations of rigorous and expedited enforcement of arbitration agreements,... to consider amending the Texas Act to permit interlocutory appeals of orders issued pursuant to the Federal Act.'" *See In re D. Wilson*, 196 S.W.3d at 780 n. 4 (quoting *Jack B. Anglin*, 842 S.W.2d at 272). While we agree the Legislature added section 51.016 to prevent unnecessary parallel proceedings, this inconsistency generally arose when parties were unsure whether the TAA or the FAA applied to their agreement. *See Jack B. Anglin*, 842 S.W.2d at 272 ("[L]itigants who allege entitlement to arbitration under the Federal Act, and in the alternative, under the Texas Act, are burdened with the need to pursue parallel proceedingsan interlocutory appeal of the trial court's denial under the Texas Act, and a writ of mandamus from the denial under the Federal Act."). The Legislature in enacting section 51.016 has remedied this particular situation and enacted a policy change that promotes efficiency and common sense. *See Sidley Austin Brown & Wood, LLP v. J.A. Green Dev. Corp.*, 327 S.W.3d 859, 862 (Tex.App.-Dallas 2010, no pet.); *Ranchers & Farmers Mut. Ins. Co. v. Stahlecker*, No. 09-10-00286-CV, 2010 WL 4354020, at *1 (Tex. App.-Beaumont Nov. 4, 2010, no pet.) (mem.op.); *In re Rio Grande Xarin II, Ltd.*, Nos. 13-10-00115-CV, 13-10-00116-CV, 2010 WL 2697145, at *3-4 (Tex.App.-Corpus Christi-Edinburg July 6, 2010, pet. dism'd) (mem.op.); *950 Corbindale, L.P. v. Kotts Capital Holdings Ltd. P'ship*, 316 S.W.3d 191, 195 n. 1 (Tex.App.-Houston [14th Dist.] 2010, no pet.).

Here, however, the issue is not which Act applies, but whether this particular type of order is appealable. Just as all interlocutory arbitration orders are not subject to appeal under the TAA, the Legislature in enacting section 51.016 did not intend to make all interlocutory orders under the FAA appealable, only those permitted by section 16 of the FAA.[7] Our interpretation does not promote parallel proceedings of arbitration orders under the TAA and FAA and does not frustrate *452 the Legislature's intent in enacting section 51.016.

The court of appeals below correctly determined it was without jurisdiction to hear an interlocutory appeal pursuant to section 51.016. The only remaining appellate option for the parties at this juncture is mandamus relief.

## B. Mandamus

Because Civil Practice and Remedies Code section 51.016 does not allow an interlocutory appeal of this type of order, CMH Homes requests in the alternative that we instruct the court of appeals to treat CMH Homes's appeal as a petition for writ of mandamus to prevent form from overriding substance.

Before the adoption of section 51.016, this Court held in *In re Louisiana Pacific Corp.* that a trial court's order appointing an arbitrator could be reviewed by mandamus. 972 S.W.2d 63, 64 (Tex.1998) (per curiam). The arbitration agreement in *Louisiana Pacific* allowed each party to select an arbitrator. *Id.* at 63. After Louisiana Pacific withdrew its arbitrator due to the objection of the other party, the trial court improperly appointed an arbitrator pursuant to section 5 of the FAA. *Id.* at 64. We conditionally issued the writ "[b]ecause the terms of the contract and the FAA allow[ed] Louisiana Pacific to choose an arbitrator" before the trial court intervened to name a replacement. *Id.* We explained the importance of contractual arbitrator selection: "Since its inception, one of the central purposes of the FAA has been to allow the parties to select their own arbitration panel if they choose to do so. 'Toward this end, it is desirable that the arbitration panel consist of arbitrators chosen by each of the parties.'" *Id.* at 65 (quoting *Lobo & Co. v. Plymouth Navigation Co.*, 187 F.Supp. 859, 860 (S.D.N.Y. 1960)).

Although this court decided *Louisiana Pacific* when FAA interlocutory orders could only be reviewed by mandamus, the Legislature's addition of section 51.016 is of no effect here. As explained above, section 51.016 does not provide for interlocutory appeal of an order appointing an arbitrator. There is still no remedy by appeal because the FAA does not provide for the review of this type of order in state court. *See id.* at 65 ("Louisiana Pacific has no adequate remedy by appeal because the FAA does not provide for review of the trial court's actions in state court."). Moreover, "[m]andamus is proper to correct a clear abuse of discretion when there is no adequate remedy by appeal, as when a party is erroneously denied its contracted-for arbitration rights under the FAA." *In re D. Wilson*, 196 S.W.3d at 780 (internal citation omitted); *see also Jack B. Anglin*, 842 S.W.2d at 272-73 (awarding mandamus relief where a party "would be deprived of the benefits of the arbitration clause it contracted for, and the purpose of providing a rapid, inexpensive alternative to traditional litigation would be defeated").

Perez argues mandamus review is inappropriate because CMH Homes failed to file a separate mandamus petition and, citing *Jack B. Anglin,* contends that the court "may not enlarge [its] appellate jurisdiction absent legislative mandate." 842 S.W.2d at 272. However, CMH Homes invoked the court of appeals' appellate jurisdiction by specifically requesting that its appeal be treated as a mandamus petition. *See Warwick Towers Council of Co-Owners v. Park Warwick, L.P.,* 244 S.W.3d 838, 839 (Tex.2008) ("[T]he factor which determines whether jurisdiction has been conferred on the appellate court is not the form or substance of the bond, certificate or affidavit, but whether the instrument was filed in a bona fide attempt to invoke *453 appellate court jurisdiction." (internal quotations and citations omitted)); *see also Linwood v. NCNB Tex.,* 885 S.W.2d 102, 103 (Tex.1994) ("The court of appeals ... has jurisdiction over the appeal if a party files an instrument in a bona fide attempt to invoke the appellate court's jurisdiction."); *Grand Prairie Indep. Sch. Dist. v. S. Parts Imps.,* 813 S.W.2d 499, 500 (Tex. 1991) ("If the appellant timely files a document in a bona fide attempt to invoke the appellate court's jurisdiction, the court of appeals, on appellant's motion, must allow the appellant an opportunity to amend or refile the instrument required by law or our Rules to perfect the appeal.").

Texas policy as "'embodied in our appellate rules ... disfavors disposing of appeals based upon harmless procedural defects.'" *Higgins v. Randall Cnty. Sherif's Office,* 257 S.W.3d 684, 688 (Tex.2008) (quoting *Verburgt v. Dorner,* 959 S.W.2d 615, 616 (Tex.1997)); *see also* TEX.R.APP. P. 44.3 ("A court of appeals must not affirm or reverse a judgment or dismiss an appeal for formal defects or irregularities in appellate procedure without allowing a reasonable time to correct or amend the defects or irregularities."). This Court has previously treated a petition for review as a petition for writ of mandamus where the appellant/relator specifically sought mandamus relief. *Powell v. Stover,* 165 S.W.3d 322, 324 n. 1 (Tex.2005). And it is our practice when confronted with parallel mandamus and appeal proceedings "to consolidate the two proceedings and render a decision disposing of both simultaneously." *In re Valero Energy Corp.,* 968 S.W.2d 916, 917 (Tex.1998).

Moreover, nothing in the procedures for interlocutory appeals and mandamus actions prevents us from treating this appeal as a petition for writ of mandamus. Appeals from interlocutory orders are accelerated, and an accelerated appeal is perfected by filing a notice of appeal within twenty days of the order. *See* TEX. R.APP. P. 26.1(b). Because mandamus is "controlled largely by equitable principles," there is no fixed deadline for filing original proceedings in the Texas Rules of Appellate Procedure. *In re Int'l Profit Assocs., Inc.,* 274 S.W.3d 672, 676 (Tex. 2009) (citations omitted). An appeal complying with the rules governing an accelerated appeal would generally be timely for mandamus purposes. Additionally, briefs in mandamus actions and interlocutory appeals have the same content and page length requirements. *Compare* TEX.R.APP. P. 38.1, .4 (stating contents of brief and page length requirement for appeal to the courts of appeals), *with* TEX.R.APP. P. 52.3,.6 (stating contents of brief and page length requirement for original proceedings at the supreme court and courts of appeals). "[T]he interests of promoting the policy considerations of rigorous and expedited enforcement of arbitration agreements" would not be served by letting a technicality rule the day.[8]*Jack B. Anglin,* 842 S.W.2d at 272.

We will not unnecessarily waste the parties' time and further judicial resources by requiring CMH Homes to file a separate document with the title "petition for writ of mandamus" listed on the cover where the party has expressly requested mandamus treatment of its appeal in an uncertain legal environment. *See Wagner & Brown, Ltd. v. Horwood,* 53 S.W.3d 347, 351 (Tex.2001) (rejecting an "approach [that] catapults form over substance to deny appellate review on the merits"). *454 Because CMH Homes specifically requested mandamus relief in the court of appeals and preserved that issue in this Court, and because judicial efficiency militates against requiring CMH Homes to file a separate original proceeding, we instruct the court of appeals to consider this appeal as a petition for writ of mandamus. Today, we speak only to the propriety of mandamus *review* and not to the propriety of mandamus *relief* in this particular case. Because the merits were not briefed to this Court, we do not decide whether the trial judge improperly appointed an arbitrator.

## III. Conclusion

We hold that Texas Civil Practice and Remedies Code section 51.016 does not permit interlocutory appeal from an order appointing an arbitrator. However, this appeal may properly be considered as a petition for writ of mandamus, as CMH Homes requested. The court of appeals erred in dismissing CMH Homes's appeal for lack of jurisdiction. Accordingly, we reverse and remand to the court of appeals for further proceedings consistent with this opinion.

## NOTES

[1] After receiving Perez's motion to compel arbitration, CMH Homes presented three names for consideration as potential arbitrators. Perez rejected the suggested arbitrators and presented CMH Homes with a proposed agreed order that compelled the parties to arbitration and left a blank for the court to appoint an arbitrator. CMH Homes did not agree to the proposed order and offered to submit two more arbitrator names for Perez's consideration. Instead, Perez sent a copy of the

proposed order to the court and suggested three possible arbitrators for the court to appoint. In response, CMH Homes sent a letter to the court explaining that under the arbitration provision, CMH Homes, not Perez, has the right to designate the arbitrator and suggested two more arbitrators. The letter also indicates that the parties were considering one of the two arbitrators, Donato Ramos, but Perez was concerned about conflicts of interests because his attorneys had financial connections to Ramos. The court held a hearing on February 9, 2010 where the parties appeared to agree to the appointment of Ramos. However, when the parties could not agree to a waiver of conflicts for Ramos, the agreement fell apart. Perez notified the court that they could not reach an agreed waiver and again asked the court to appoint an arbitrator and re-submitted the three names previously suggested, including Gilberto Hinojosa.

[2] CMH Homes relies upon the following cases: *Nat'l Am. Ins. Co. v. Transamerica Occidental Life Ins. Co.,* 328 F.3d 462 (8th Cir. 2003); *ACEquip Ltd. v. Am. Eng'g Corp.,* 315 F.3d 151 (2d Cir.2003); *Universal Reinsurance Corp. v. Allstate Ins. Co.,* 16 F.3d 125 (7th Cir.1994); *ATSA of Cal., Inc. v. Cont'l Ins. Co.,* 754 F.2d 1394 (9th Cir. 1985).

[3] CMH Homes also cites the Ninth Circuit case *ATSA of California, Inc. v. Continental Insurance Co.,* 754 F.2d 1394 (9th Cir. 1985). But because this case was decided before section 16 was enacted, it does not interpret section 16.

[4] In state court, cases are typically stayed pending arbitration rather than dismissed, as frequently is the case in federal court. In *In re Gulf Exploration, LLC,* we explained:

Arbitrability is often the only issue in federal court because nondiverse parties may prevent removal of the underlying case from state court; in such cases, even a stay order will be considered final if the federal action is effectively over. But in the state courts, disputes about arbitrability and the merits must usually proceed in a single court under rules of dominant jurisdiction.

Accordingly, a stay is generally the only appropriate order for a state court with jurisdiction of all issues. Indeed, the Texas Arbitration Act states that "[a]n order compelling arbitration must include a stay" of the underlying litigation. During arbitration, a court order may be needed to replace an arbitrator, compel attendance of witnesses, or direct arbitrators to proceed promptly; after arbitration, a court order is needed to confirm, modify, or vacate the arbitration award. Consequently, dismissal would usually be inappropriate because the trial court cannot dispose of all claims and all parties until arbitration is completed.

289 S.W.3d 836, 840-41 (Tex.2009) (citations omitted).

[5] The appellants in *National American* and *ACEquip* represented to the circuit courts that the order being appealed was final. *See* Appellant's Brief at 3, *ACEquip Ltd. v. Am. Eng'g Corp.,* 315 F.3d 151 (2d Cir.2003); Appellant's Brief at 1, *Nat'l Am. Ins. Co. v. Transamerica Occidental Life Ins. Co.,* 328 F.3d 462 (8th Cir.2003). The appellees did not challenge this assertion in *ACEquip, see* Brief of Plaintiff-Appellee, *ACEquip Ltd. v. Am. Eng'g Corp.,* 315 F.3d 151 (2d Cir.2003), and appear not to have challenged the assertion in *National American, see* Reply Brief of Appellant, *Nat'l Am. Ins. Co. v. Transamerica Occidental Life Ins. Co.,* 328 F.3d 462 (8th Cir.2003). In both cases, the parties treated the order appointing an arbitrator as final, and the courts of appeals appear to have taken the parties at their word.

[6] In its analysis, the court in *O.P.C. Farms* concluded that an order appointing an arbitrator is "embedded" in the case. *O.P.C. Farms Inc. v. Conopco Inc.,* 154 F.3d 1047, 1049 (9th Cir. 1998) (citation omitted). However, the United States Supreme Court eliminated the distinction between embedded and independent proceedings in *Green Tree,* which may raise questions about the precedential value of this case. *See Green Tree Fin. Corp.-Ala. v. Randolph,* 531 U.S. 79, 87-89, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000).

[7] The language of section 51.016, and therefore FAA section 16, also indicates the Legislature did not intend to create a comprehensive appellate scheme making all FAA orders appealable through interlocutory appeal, but instead focused on denials of arbitration. *See* TEX. CIV. PRAC. & REM.CODE § 51.016; 9 U.S.C. § 16; *In re Gulf Exploration,* 289 S.W.3d at 839 ("[T]he FAA 'generally permits immediate appeal of orders hostile to arbitration ... but bars appeal of interlocutory orders favorable to arbitration.'" (quoting *Green Tree,* 531 U.S. at 86, 121 S.Ct. 513)); *see also May v. Higbee Co.,* 372 F.3d 757, 762 (5th Cir.2004) (noting the "general, congressionally mandated rule that anti-arbitration decisions are immediately appealable under § 16(a)(1)").

[8] Although we note that CMH Homes's petition was not certified at this Court as required by Texas Rule of Appellate Procedure 52.3(j), we are confident that CMH Homes will fully comply with Rule 52 on remand to the court of appeals.

About
FAQ
Tour

# APPEAL No. 14-14-00410-CV

DOV AVNI KAMINETZKY a/k/a DOV K. AVNI          )(

                                         Appellant   )(

                    v.          )(

DOSOHS I, LTD,          )(

                                         Appellee   )(

[APPEAL of 5-15-14 FROM #1997-40590/11 JDC;HARRIS COUNTY,TX

# EXHIBIT No. " *16* "

TO APPELLANT'S ORIGINAL MOTION [ of 11-25-15 ] TO RECALL

THE "MANDATE"- ALLEGEDLY ISSUED 11-6-2015 BY THE

CLERK OF THIS 14TH COURT-AFTER ITS DEPUTY WARD TAMPERED

WITH CASE RECORD, FABRICATED 14COA PANEL'S ORDERS AND

DEFRAUDED MOVANT, OR TREAT IT AS ORIGINAL PROCEEDING-

TO BE DECIDED, IF NEEDED-BY MANDAMUS to TX SUPREME COURT



Free Law Project, a federally-recognized 501(c)(3) non-profit. We rely heavily on donations for our
ads, we ask for a $10 donation each year.

**in mily, L.P., 01-11-00276-CV (Tex. App. 2012)**

ve a favorite.

xas

Filed: August 9th, 2012

Status: Precedential

Docket Number: 01-11-00276-CV

Fingerprint: 56fedba9ca5516198cb1b2d3b1aaa720dfbb2db8

Opinion issued August 9, 2012


In The

Court of Appeals
For The

First District of Texas

NO. 01-11-00276-CV

IN RE D & KW FAMILY, L.P., Relator


Original Proceeding on Petition for Writ of Mandamus


MEMORANDUM OPINION

Relator D & KW Family, L.P. intervened in the underlying case several years after a final judgment had issued in order to file a motion to enter judgment nunc pro tunc.* After the trial court denied the motion, D & KW filed a notice of

appeal. Kimberly Kay Bidinger, also an intervenor in the underlying case, moved

*

      The underlying case is Aldine Independent School District v. Ranch Town,
      Inc., No. 94-08239 in the 151st District Court of Harris County, Texas, the
      Honorable Mike Engelhart, presiding.

to dismiss D & KW's appeal for want of jurisdiction. In its response to the motion

to dismiss, D & KW specifically requests that this court treat its appeal as a

mandamus petition, and it filed with that response a document styled as a petition

for writ of mandamus.

      We conclude that D & KW has invoked this court's original jurisdiction and

we treat the appeal as a petition for writ of mandamus. Accordingly, Bidinger's

motion to dismiss is denied. On the merits, we deny D & KW's petition for writ of

mandamus.

Background

      In January 1994, Aldine Independent School District ("AISD") sued Ranch

Town, Inc., for unpaid property taxes on several lots in a residential subdivision.

Harris County intervened in the suit and adopted AISD's petition.

      In October of the same year, a master in chancery appointed to the case filed

a report in which it recommended that judgment be granted in the case. The report

does not reflect the substance of the master's recommendation. In November,

Ranch Town, AISD, and Harris County entered into an agreed judgment that was

signed by the trial court. The agreed judgment ordered Ranch Town to pay

$26,434.45 to AISD and $18,041.10 to Harris County, plus the taxing authorities'

attorney's fees and court costs. It also specified that if Ranch Town defaulted on

its payment obligations, the court would issue an order directing the Harris County

2

Sheriff or Constable to seize and sell the property. The agreed judgment described

the property and rights of way thereon as follows:

> LOTS ONE HUNDRED THIRTY-NINE (139) THROUGH ONE
> HUNDRED FORTY-TWO, (142), BLOCK NINE (9), ALDINE
> MOBILEHOME CITY, AN UNRECORDED SUBDIVISION IN
> HARRIS COUNTY, TEXAS, OUT OF THE EAST FIFTY (50)
> ACRES, MORE OR LESS, AND ALL RIGHTS OF WAYS WITHIN
> SUCH FIFTY (50) ACRES, IN THE JOSEPH MCGINNIS
> SURVEY, ABSTRACT 587, SAVE AND EXCEPT THAT PART OF
> THE FIFTY (50) ACRES CONVEYED TO THE STATE OF
> TEXAS, AND BEING MORE PARTICULARLY DESCRIBED BY
> METES AND BOUNDS IN ATTACHED EXHIBIT "A" AND
> SAVE AND EXCEPT THOSE PROPERTIES PREVIOUSLY
> CONVEYED AND DESCRIBED IN DEEDS RECORDED AS
> FILM CODE NUMBERS XXX-XX-XXXX, XXX-XX-XXXX, XXX-XX-XXXX,
> XXX-XX-XXXX, XXX-XX-XXXX, XXX-XX-XXXX, AND XXX-XX-XXXX, IN
> THE DEED RECORDS OF HARRIS COUNTY, TEXAS, SAID
> LOTS BEING SHOWN FOR REFERENCE PURPOSES ONLY ON
> THE PLAT ATTACHED AS EXHIBIT "B".

(Emphasis supplied.) Exhibit A, as referenced in the agreed judgment, is a metes

and bounds description of the property; however, it does not describe the rights of

way on the property. Exhibit B is a plat showing the lots within the subdivision

and several rights of way, including a street labeled "Cherilynn Lane."

      When Ranch Town did not pay the agreed judgment, the trial court ordered

that the property be sold. AISD purchased the property at the foreclosure sale.

D & KW subsequently purchased the property at a constable's sale. Aside from

the absence of any reference to a plat, the constable's deed described the property

conveyed to D & KW exactly as it was described in the 1994 agreed judgment, and

3

it included as an attached exhibit the metes and bounds description of the property,

but not the rights of way.

In a separate case, D & KW brought trespass claims against Bidinger and

her husband, Alfredo Arturo Ballestas, who together owned an adjacent property

accessible by "Cherilyn Lane." See D & KW Family, L.P. v. Bidinger, No. 01-08-

00260-CV,

## 2009 WL 1635216

, at *3 (Tex. App.—Houston [1st Dist.] June 11,

2009, pet. denied) (mem. op.) ("D & KW I"). D & KW claimed to own rights of

way encompassing Cherilyn Lane, and it sought an injunction preventing Bidinger

and Ballestas from accessing their property by way of that road. See id. Bidinger

and Ballestas counterclaimed for an implied easement and easement by necessity.

See id. The trial court in that case resolved cross-motions for summary judgment

in favor of Bidinger and Ballestas, and D & KW appealed to this court. Id.

A key issue in that appeal was whether D & KW had acquired good and

perfect title to the Cherilyn Lane right of way.　　　Id. at *7. In analyzing the

description of the rights of way in D & KW's deed, this court stated the following:

> The grant of "all rights of way" within the 50-acre tract is
> legally insufficient to confer fee simple title to Cherilyn Lane for
> several reasons. Within the deed itself, there is a purported grant of
> all rights-of-way, but the metes and bounds description attached to the
> deed does not refer to any right-of-way. The written instrument that
> purports to convey title does not, therefore, furnish within itself, or by
> reference to some other existing writing, the means or data by which
> the land conveyed may be identified with reasonable certainty. The
> conveyance of "all rights of way" fails because of a lack of metes and
> bounds description or any other existing writing from which to
> 4
> determine the location, size, and boundaries of the rights of way with
> the requisite reasonable certainty.
>
> Further, the language of conveyance of "all rights of way" by
> the constable's deed in this case is much like a conveyance of an
> unidentified portion of a larger, identifiable tract, which the Supreme
> Court of Texas has long held to be insufficient.
>
> Finally, the constable's deed does not provide any means by
> which a surveyor could locate and determine the rights-of-way.
> Indeed, Bidinger's and Ballestas's summary-judgment evidence
> includes the affidavit of a professional surveyor who attested to his
> inability to rely on the descriptions provided by the constable's deed
> and supporting exhibit to aid in determining the property conveyed.
> D & KW responded by providing the affidavit of another professional
> surveyor who stated that he was able to determine the metes and
> bounds of the Cherilyn Lane right-of-way by referring to the tax plats
> in the Assessor's Block Book for Harris County. To be competent,
> evidence relied on to locate, size, and determine boundaries must refer
> to existing writings such as tax tract maps. The critical distinction
> here is the lack of an existing writing that refers to the tax plat. In this
> case, there is only the opinion of D & KW's professional surveyor
> that refers to the tax plat.

Id. at *9 (emphasis, footnote, quotation marks, and citations omitted). This court affirmed the summary judgment in favor of Bidinger and Ballestas. Id. at *10.

Following disposition of that appeal, AISD filed a motion for entry of a final judgment nunc pro tunc in the 1994 tax delinquency suit.        AISD's proposed judgment nunc pro tunc would have more particularly described the metes and bounds of the rights of way over the property that AISD foreclosed upon and subsequently conveyed to D & KW.

Bidinger intervened to oppose the request for judgment nunc pro tunc. D & KW also intervened, and it joined and adopted AISD's motion.        AISD subsequently withdrew its motion, thereby leaving only D & KW to prosecute it. A tax master filed a report recommending that the motion for entry of judgment nunc pro tunc be denied.        See TEX. TAX CODE ANN. § 33.71 (West 2008) (authorizing appointments of tax masters in tax delinquency suits).

D & KW appealed the tax master's recommendation to the district court. See TEX. TAX CODE ANN. § 33.74 (authorizing appeals from tax master's recommendation to referring court). Following a hearing, the trial court signed an order denying D & KW's motion for entry of judgment nunc pro tunc. D & KW filed notice of appeal from that order.

### Analysis

I.    Jurisdiction

In its original brief, D & KW styled its application to this court as an appeal of the trial court's order denying entry of judgment nunc pro tunc. Bidinger filed a motion to dismiss the appeal for want of jurisdiction, contending that this court lacks appellate jurisdiction over such an order. See TEX. R. APP. P. 42.3. Without disputing this point, D & KW responded by asking that we treat its application as a petition for writ of mandamus, and it also filed with its response a document styled as such.

Appellate courts generally have jurisdiction only over final judgments, although a statute can authorize appeals from specific types of orders. CMH Homes v. Perez,

340 S.W.3d 444

, 447 (Tex. 2011); see also, e.g., TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (West Supp. 2011) (authorizing appeals from certain interlocutory orders). An order denying a motion for entry of judgment nunc pro tunc is not an appealable, final judgment.        Shadowbrook Apartments v. Abu-Ahmad,

783 S.W.2d 210

, 211 (Tex. 1990) (per curiam). Nor does any statute authorize an appeal from such an order. See, e.g., TEX. CIV. PRAC. & REM. CODE ANN. § 51.014. Therefore, appellate courts must ordinarily dismiss for want of jurisdiction appeals that challenge an order denying judgment nunc pro tunc. See, e.g., Shadowbrook Apartments, 783 S.W.2d at 211; Gonzalez v. Dep't of Family & Protective Servs., No. 01-11-00205-CV,

2012 WL 1564664

, at *3 (Tex. App.—Houston [1st Dist.] May 3, 2012, no pet.) (mem. op.). Because D & KW appeals an order denying judgment nunc pro tunc and such an order is not appealable, we hold that this court lacks jurisdiction to consider the appeal as a direct appeal. See Shadowbrook Apartments, 783 S.W.2d at 211.

Nevertheless, in an appropriate case, we may treat an appeal as a petition for writ of mandamus. See CMH Homes, 340 S.W.3d at 452-53. An appellant who specifically requests that its appeal be treated as a mandamus petition invokes this court's original jurisdiction. Id.; see also TEX. GOV'T CODE ANN. § 22.221(b) (West 2004) (authorizing courts of appeals to issue writs of mandamus). In CMH Homes v. Perez,

340 S.W.3d 444

(Tex. 2011), the Supreme Court of Texas held that an appellant who filed an appeal from an unappealable order was nevertheless entitled to have its appeal treated as a petition for writ of mandamus because the appellant specifically requested mandamus relief and because requiring the appellant to file a separate document entitled "petition for writ of mandamus" would "unnecessarily waste the parties' time and further judicial resources." CMH Homes, 340 S.W.3d at 453-54.

Likewise, in this case, requiring D & KW to initiate a separate mandamus proceeding would unnecessarily waste the parties' time and further judicial resources. D & KW not only specifically requested mandamus relief, it also submitted a document in the form of a petition for writ of mandamus. Moreover, the necessary trial record has already been filed with this court and the parties have briefed the merits of the case. Because the order appealed from is unappealable, D & KW has specifically requested mandamus relief, and treating this appeal as a petition for writ of mandamus advances the interest of judicial efficiency, we will consider this appeal as a petition for writ of mandamus. See id.; see also In re Bridges,

28 S.W.3d 191

, 195-96 (Tex. App.—Fort Worth 2000, orig. proceeding) (holding that mandamus relief was available and appropriate when trial court erroneously denied motion for entry of order nunc pro tunc), cited with approval in

8

In re Daredia,

317 S.W.3d 247

, 249-50 (Tex. 2010) (per curiam, orig.

proceeding). We deny Bidinger's motion to dismiss for want of jurisdiction.

  II.  Mandamus

   Mandamus relief is available if the relator establishes a clear abuse of

discretion for which there is no adequate remedy by appeal. In re Prudential Ins.

Co. of Am.,

148 S.W.3d 124

, 135-36 (Tex. 2004) (orig. proceeding). A trial court

has no discretion in determining what the law is or applying the law to the facts.

Walker v. Packer,

827 S.W.2d 833

, 840 (Tex. 1992) (orig. proceeding). If the trial

court fails to analyze or apply the law correctly, the trial court abuses its discretion.

Id. With respect to the resolution of factual issues, however, the reviewing court

may not substitute its judgment for that of the trial court. Id. at 839. The relator

must establish that the trial court could have reasonably reached only one

conclusion. Id. at 840. As previously discussed, D & KW does not have recourse

to an appeal to challenge the trial court's denial of its motion. Consequently, the

only remaining question is whether D & KW has established that the trial court has

clearly abused its discretion. See Prudential, 148 S.W.3d at 135-36.

   D & KW argues that the trial court clearly abused its discretion in refusing

to render a judgment nunc pro tunc because it was a clerical error, rather than a

judicial one, to have omitted in the 1994 agreed judgment a description of the

metes and bounds of the rights of way over its property. D & KW contends that

9

when the agreed judgment described the foreclosed property to include "ALL

RIGHTS OF WAYS WITHIN SUCH FIFTY (50) ACRES," the trial court did not

intend to render a judgment reflecting a legally insufficient description of the rights

of way. It asserts that the metes and bounds description is readily determined by

reference to the tax plat filed in the Harris County Assessor's block book and that

adding the pertinent description involves no judicial reasoning.

  Bidinger points out that the judgment at issue is an agreed judgment. She

contends that the judgment was drafted by one of the parties' attorneys and argues

that the error alleged by D & KW became part of the court's judgment as rendered,

thereby making it a judicial error.  Bidinger also contends that entering the

judgment nunc pro tunc would require the trial court to exercise its judicial

reasoning to determine whether AISD intended to sue for all rights of way or only

certain rights of way. Furthermore, Bidinger argues that in D & KW I, this court

specifically rejected the possibility of using the tax plat to supply the metes and bounds of the rights of way.

Absent a motion that extends the trial court's plenary power, the trial court has plenary power to modify its final judgment or order within 30 days of signing it, and the court loses jurisdiction to modify its judgment after the 30 days has run. TEX. R. CIV. P. 329b(d); Martin v. Tex. Dep't of Family & Protective Servs.,

<u>176 S.W.3d 390</u>

, 392 (Tex. App.—Houston [1st Dist.] 2004, no pet.). An exception to this general rule is that the trial court can correct clerical errors by judgment nunc pro tunc even after it loses plenary power. Escobar v. Escobar,

<u>711 S.W.2d 230</u>

,

231 (Tex. 1986). The judgment nunc pro tunc may be entered at any time for this purpose. TEX. R. CIV. P. 316 & 329b(f); Barton v. Gillespie,

<u>178 S.W.3d 121</u>

, 126

(Tex. App.—Houston [1st Dist.] 2005, no pet.). "A clerical error is a discrepancy between the entry of a judgment in the record and the judgment that was actually rendered." Barton, 178 S.W.3d at 126. Rendition occurs when the trial court's decision is officially announced either by a signed memorandum filed with the clerk of the court or orally in open court. Id.

Unlike with clerical errors, the trial court cannot correct a judicial error after the expiration of plenary power by entering a judgment nunc pro tunc. Escobar, 711 S.W.2d at 231-32. A judicial error is one that arises from a mistake of law or fact that requires judicial reasoning to correct, and it occurs in the rendering, rather than the entering, of the judgment. Barton, 178 S.W.3d at 126. "Thus, even if the court renders incorrectly, it cannot alter a written judgment which precisely reflects the incorrect rendition." Escobar, 711 S.W.2d at 232. Stated another way, "if the judgment entered is the same as the judgment rendered, regardless of whether the rendition was incorrect, a trial court has no nunc pro tunc power to correct or modify the entered judgment after its plenary jurisdiction expires." Hernandez v. Lopez,

<u>288 S.W.3d 180</u>

, 187 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (op. on rehearing). "A judgment rendered to correct a judicial error after plenary power has expired is void." Id. at 185 (citing Dikeman v. Snell,

<u>490 S.W.2d 183</u>

, 186

(Tex. 1973)).

Whether an error in a judgment is clerical or judicial is a question of law. Escobar, 711 S.W.2d at 232. In order to make a nunc pro tunc correction or modification of a judgment, the evidence must be clear and convincing that a clerical error was made, that is, that the entered judgment differs from the judgment actually rendered. See Barton, 178 S.W.3d at 127; see also America's Favorite Chicken v. Galvan,

### 897 S.W.2d 874

, 877 (Tex. App.—San Antonio 1995,

writ denied) ("In order to issue a judgment nunc pro tunc, there must be some evidence that the judgment the trial judge actually rendered is not correctly represented in the judgment she signed and entered of record."). Evidence of the judgment actually rendered may derive from oral testimony of witnesses, written documents, previous judgments, docket entries, or the trial judge's personal recollection. Barton, 178 S.W.3d at 127.

When someone other than the trial court prepares a proposed written order or judgment that reflects a mistake, and the trial court, without having already rendered judgment, signs the proposed order or judgment, the mistake becomes part of the court's judgment as actually rendered and it is therefore a judicial error rather than a clerical error. See, e.g., Daredia, 317 S.W.3d at 250. The foregoing rule is illustrated by Hernandez v. Lopez,

### 288 S.W.3d 180

(Tex. App.—Houston

[1st Dist.] 2009, no pet.). In that case, a child-support enforcement hearing was held before a master. Hernandez, 288 S.W.3d at 182. The mother, the father, and the Office of the Attorney General of Texas signed an agreed order reflecting a mistake, specifically, a finding that the father was in arrears in the amount of $51,000.00 as of December 31, 2004, a date eleven months in the future from the time when the agreed order was signed. Id. The trial court then signed the agreed order. Id. There was no record of any hearing at the time the trial court signed it. Id.

Two years later, the Office of the Attorney General moved for judgment nunc pro tunc, alleging that the date reflected in the agreed order should have read December 31, 2003. Id. at 182–83. The trial court granted the motion and entered judgment nunc pro tunc. Id. at 183. On appeal, this court stated:

> The terms of the Agreed Order were set forth by the parties, and the Agreed Order states that the master submitted "the proposed" Agreed Order to the trial court and recommended its approval. On January 27, 2004, when the trial court signed the Agreed Order adopting the master's recommendation as the order of the court, rendition of the judgment occurred. The error at issue herein, if any, occurred in the rendering of the judgment.

Id. at 185–86 (emphasis, footnote, and citations omitted). Finding no evidence in

the record that the trial court actually rendered judgment before signing the agreed order, this court vacated the judgment nunc pro tunc. Id. at 187-88.

This case is similar to Hernandez. AISD's petition described the rights of way on the property as "ALL RIGHTS OF WAYS WITHIN SUCH FIFTY (50) ACRES," without greater detail.          The master's report recommended that "judgment" should be granted in the case, without specifying what that judgment should be. The trial court signed an agreed proposed judgment, describing the rights of way only as "ALL RIGHTS OF WAYS WITHIN SUCH FIFTY (50) ACRES." Counsel for all parties signed the agreed judgment beneath the words "agreed as to substance and form."

There is no indication in the record that the trial court actually rendered, orally or otherwise, a judgment different from the one it signed and entered. Accordingly, we hold that the evidence is not clear and convincing that the judgment reflects a clerical error. See Barton, 178 S.W.3d at 127; cf. Hernandez, 288 S.W.3d at 187 ("[T]here is no evidence in the record that the trial court intended to do anything other than grant the motion exactly as the parties requested, and there is no evidence in the record before us with regard to any prior rendition of judgment."). The fact that the agreed judgment fails to more particularly describe the metes and bounds of the rights of way does not, by itself, suffice to show that the alleged error is clerical rather than judicial. Cf. Hernandez, 288 S.W.3d at 187 ("[I]t is of no consequence which date [the mother] may have intended in the Agreed Order that she signed or whether this Court can agree that the date that [the mother] now asserts is, as a matter of logic, the date everyone . . . must have intended.").

### Conclusion

Having failed to present clear and convincing evidence that the alleged error in the agreed judgment was clerical rather than judicial, D & KW has not demonstrated that the trial court clearly abused its discretion in denying its motion for entry of judgment nunc pro tunc. Accordingly, we deny the petition for writ of mandamus.

                                             Michael Massengale
                                             Justice

Panel consists of Justices Bland, Massengale, and Brown.

15

About
FAQ

COURT LISTENER CL

Toggle navigation

- About
- FAQ
- Tour
- Coverage
- Sign in / Register

⊙ **Back to Home Page**

## Your Notes

(edit) ✎

(none)

## Cited By (1)

This opinion has been cited by these opinions:

- Dianna Jones v. Currie A. McRee, IV and Ed Baranowski, ...

**Full List of Citations** ⊙

## Authorities (12)

This opinion cites:

- America's Favorite Chicken Co. v. Galvan, 897 S.W.2d 874 (Tex. App. 1995)
- Barton v. Gillespie, 178 S.W.3d 121 (Tex. App. 2005)
- CMH HOMES v. Perez, 340 S.W.3d 444 (Tex. 2011)
- Dikeman v. Snell, 490 S.W.2d 183 (Tex. 1973)
- Escobar v. Escobar, 711 S.W.2d 230 (Tex. 1986)

**Full Table of Authorities** ⊙

## View Original

From the court | Our backup

## Share this Opinion

✉ ⬜ ⬜  https://www.courtlistener.

## Sponsored Links

Nevada

FOLD HERE

U.S. POSTAGE
$0.49
77002
Date of sale
11/25/15
06  2S00
08282341
SSK
A0835 12605030 2

GLADE CREEK GRIST MILL

USPS® FIRST-CLASS MAIL®

CERT MAIL RSTRDEL

0 lb. 10.70 oz.

U.S. POSTAGE
$1.19
FCM LG ENV
77002
Date of sale
11/25/15
06  2S00
08282341
SSK
A0835 12605023 1

Re: Cause 14-14-00410-CV

SHIP TO:
14TH COURT OF APPEALS
301 FANNIN ST
HOUSTON TX 77002-2066

USPS CERTIFIED MAIL™

9569 3000 1976 5329 0001 16